**Wiley E. JONES, Appellant,**

v.

**Shirley S. CHATER, Commissioner of Social Security,\* Appellee.**

**No. 94–3975.**

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1995.

Decided Sept. 6, 1995.

E. Gregory Wallace, Jonesboro, AR, argued (Anthony W. Bartels, on the brief), for appellant.

Joyce Shatteen, Dallas, TX, argued (Paula J. Casey, Joseph B. Liken and Tina Waddell, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

---

\* As of March 31, 1995, the Social Security Administration became an independent agency from the Department of Health and Human Services. Therefore, the court has substituted Shirley S. Chater for Donna E. Shalala pursuant to Fed. R.App.P. 43(c).

WOLLMAN, Circuit Judge.

 Wiley E. Jones appeals from the judgment affirming the Commissioner's denial of Jones's claim for disability benefits under the Social Security Act. Because it is impossible to tell whether the decision of the administrative law judge (ALJ) is supported by substantial evidence, we remand for an evaluation of retrospective medical diagnoses in the record and for any further proceedings deemed necessary by the ALJ for such an evaluation.

Jones alleges that he was disabled before his insured status ran out in 1975. *See* 42 U.S.C. §§ 416(i)(3), 423(c)(1). Jones claims that his disability is caused by post-traumatic stress disorder (PTSD) stemming from his 1968 war duty in Vietnam. Jones was awarded the Purple Heart for his service there; his wounds were serious enough that he was evacuated to Japan for treatment, and then to the United States for discharge.

Jones's mental evaluation at his discharge in December 1968 revealed occasional insomnia, bad dreams and mild depression; the report concluded that these symptoms were in the normal range and not cause for concern. The record is barren of any further medical reports mentioning mental problems until 1991, when Jones, upon learning of the existence of PTSD and recognizing many of its symptoms in himself, sought diagnosis and treatment for the condition. (PTSD was not recognized by the mental health community until about 1980.) Three mental health professionals have since diagnosed Jones as suffering from PTSD. They maintain that the condition stems from Jones's service in Vietnam and, while not squarely addressing the issue of onset date, imply that Jones was suffering from the disorder at the time his insured status expired in 1975. (We note that one of the evaluations concludes with little explanation that Jones's PTSD symptoms have been present since he left Vietnam in 1968.) The record also includes statements by Jones's relatives that his personality was changed dramatically for the worse by his Vietnam service. Taken as a whole, the record indeed reflects that after his return from Vietnam, Jones has led a roaming, troubled, and reclusive life that contrasts sharply with his well-settled and productive pre-service existence.

The ALJ found that although Jones's current diagnosis of PTSD may be valid, there was no medical evidence showing that the condition had arisen by 1975, much less that it then constituted the severe impairment defined by 20 C.F.R. § 416.921(a). The ALJ found Jones's testimony regarding his symptoms in 1975 not credible and for this reason denied the claim, finding that Jones had failed to establish the existence of a severe impairment during his insured period. The ALJ's decision mentions neither the retrospective medical opinions nor the evidence of personality and behavior change proffered by Jones's family, so in fairness to Jones we must assume that this evidence was not considered by the ALJ. *See* 20 C.F.R. § 404.953 (ALJ decision must fully state reasons for denying the claim).

The issue in this case is thus whether retrospective medical diagnoses uncorroborated by contemporaneous medical reports but corroborated by lay evidence relating back to the claimed period of disability can support a finding of past impairment. If so, this kind of corroborated retrospective evidence is legally relevant, and the ALJ erred in not evaluating it here.

The answer turns in part on the nature of the condition: for instance, if a condition is degenerative the possibility exists that although it may have been latent at the time a claimant's insured status ran out, it may not have progressed into an impairment of the kind required for an award of disability insurance benefits. *See McClain v. Bowen,* 848 F.2d 892, 894 (8th Cir.1988) (suggesting that if condition had been degenerative, the disability onset date might have been pushed back); *Basinger v. Heckler,* 725 F.2d 1166, 1169 (8th Cir.1984) (since diabetes is degenerative, ALJ must consider relatives' testimony to determine impairment's severity in absence of contemporaneous medical evidence). Although PTSD may not be degenerative in the same classic sense as a condition like diabetes, PTSD is an unstable condition that may not manifest itself until well after the stressful event which caused it, and may wax and wane after manifestation. *E.g.,*

*Hamilton v. Derwinski,* 2 Vet.App. 671, 672, 674 (1992) (remanding for further PTSD findings in a case like Jones's where evaluation at discharge from military service revealed no psychiatric distress or disorder) (subsequent history omitted).

■ Retrospective medical diagnoses constitute relevant evidence of pre-expiration disability. *See, e.g., Trenary v. Bowen,* 898 F.2d 1361, 1364 (8th Cir.1990) (magistrate judge and ALJ accepted retrospective diagnosis of depression); *Basinger,* 725 F.2d at 1169; *Parsons v. Heckler,* 739 F.2d 1334, 1340 (8th Cir.1984); *see also Richardson v. Heckler,* 750 F.2d 506, 509 (6th Cir.1984) (holding in a similar case that ALJ erred in failing to consider retrospective diagnosis indicating that PTSD existed from time of discharge from army).

Where the impairment onset date is critical, however, retrospective medical opinions alone will usually not suffice unless the claimed disability date is corroborated, as by subjective evidence from lay observers like family members. *Flint v. Sullivan,* 951 F.2d 264, 267 (10th Cir.1991); *Ivy v. Sullivan,* 898 F.2d 1045, 1049 (5th Cir.1990); *see Potter v. HHS,* 905 F.2d 1346, 1348–49 (10th Cir.1990) (retrospective diagnosis of multiple sclerosis does not support a finding of disability in the absence of corroboration); *Basinger,* 725 F.2d at 1169 (lay evidence must be considered even if uncorroborated by medical evidence); *Doran v. Brown,* 6 Vet.App. 283, 287–88 (1994) (remanding because Board of Veterans' Appeals decision did not discuss corroborative lay evidence of PTSD).

The ALJ, as was his prerogative, found Jones's testimony not credible. But the ALJ also failed to discuss the provocative medical diagnoses suggesting an impairment during the insured period, and he likewise failed to discuss potentially corroborating evidence from relatives who knew Jones from before his alleged onset date to the end of his insured status. The ALJ may have considered and for valid reasons rejected the retrospective diagnoses and the evidence proffered by family members; but as he did not address these matters, we are unable to determine whether any such rejection is based on substantial evidence. Initial determina-

tions of fact and credibility are for the ALJ, and must be set out in the decision, 20 C.F.R. § 404.953; we cannot speculate whether or why an ALJ rejected certain evidence. Accordingly, remand is necessary to fill this void in the record.

The ALJ for discussion purposes acknowledged that Jones may now be suffering from a severe impairment as defined under Social Security law. If so, the only question at this juncture is whether the impairment began before Jones's insured status ran out. As our discussion above shows, properly corroborated retrospective medical diagnoses can be used to establish disability onset dates. Because the mental health diagnoses in the record were not made for purposes of evaluating Jones's Social Security claim—indeed they were completed before the claim was filed—they only glancingly address the crucial question of onset date. In this situation, the duty of the ALJ to develop the record in such a way as to fairly evaluate the claim may require additional record-building to establish with certainty the onset date of the impairment tentatively acknowledged by the ALJ. This remand will provide the ALJ with the opportunity to take any actions deemed necessary along this line.

The judgment is reversed, and the case is remanded for further proceedings in accordance with this opinion.