United States Court of Appeals,

Fifth Circuit.

No. 96-10875

(Summary Calendar).

Danny E. LIKES, Plaintiff-Appellant,

v.

John J. CALLAHAN, Acting Commissioner of Social Security, Defendant-Appellee.

May 8, 1997.

Appeal from the United States District Court for the Northern District of Texas.

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:

Danny E. Likes appeals from the judgment affirming the Commissioner's denial of Likes' claim for disability benefits under the Social Security Act. Likes alleges that he was disabled before his insured status ran out in 1985. Likes contends that his disability is caused by post-traumatic stress disorder (PTSD) stemming from his 1966 war duty in Vietnam.

Likes underwent an examination in July 1968, in conjunction with a disability application from the Veteran's Administration (VA) for his service-related injuries. In the report, Likes was described as "a nervous person." The examiner wrote that Likes was "a complaining type of individual who makes one wonder from the very beginning if there is not a psychiatric function." The examiner further commented, "There is mild anxiety reaction manifest in complaints of his present illness and post military

1

period." There are no other medical reports mentioning Likes' mental problems until Likes was diagnosed with chronic PTSD in 1991. Two mental health professionals have opined that Likes has suffered from chronic PTSD since 1966. The record also includes testimony by Likes' wife describing Likes' poor anger control and dissociative episodes since 1981.

The ALJ found that Likes did not have a medically determinable mental impairment and that he was not disabled as of, or prior to, December 31, 1985. The ALJ accepted that Likes has suffered from severe PTSD from 1991, but determined that the 1968 examination and Likes' uncorroborated statements were not sufficient to establish that he had a medically determinable mental impairment before his insured status expired. The ALJ further determined that there was no authority for relating Likes' present mental illness back to December 1985 on the basis of the testimony of Likes and his wife, which was not corroborated by "objective evidence, such as psychiatric counseling."

The issue in this case is whether retrospective medical diagnoses uncorroborated by contemporaneous medical reports but corroborated by lay evidence relating back to the claimed period of disability can support a finding of past impairment. Likes urges us to adopt the reasoning applied in a recent Eighth Circuit decision and remand this case to the ALJ to consider the retrospective medical opinions and corroborating lay evidence. *See Jones v. Chater,* 65 F.3d 102 (8th Cir.1995).

In *Jones,* the claimant alleged that he was disabled by PTSD

2

prior to 1975, before his insured status had expired. *Id.* at 103. Jones' mental evaluation at his discharge in 1968 revealed occasional insomnia, bad dreams, and mild depression; the report concluded that these symptoms were in the normal range. *Id.* Jones had no further medical reports mentioning mental problems until 1991, when Jones, upon learning of the existence of PTSD and recognizing many of its symptoms in himself, sought diagnosis and treatment for the condition. *Id.* Three mental health professionals diagnosed Jones as suffering from PTSD, and found implicitly that his PTSD symptoms had been present since he left Vietnam in 1968. *Id.* The record also included statements from Jones' relatives that his personality was changed dramatically for the worse by his Vietnam experience. *Id.*

Like the ALJ here, the ALJ addressing Jones' application found that although Jones' current diagnosis of PTSD may be valid, there was no medical evidence showing that the condition had arisen by 1975, much less that it constituted a severe impairment. *Id.* The ALJ did not mention the retrospective medical opinions or the evidence of personality and behavior change. *Id.*

The Eighth Circuit concluded that the retrospective medical diagnoses, uncorroborated by contemporaneous medical reports but corroborated by lay evidence relating back to the claimed period of disability, could support a finding of past impairment. *Id.* at 103-04. Because the court could not determine whether the ALJ considered this evidence, it remanded the case to the ALJ "to develop the record in such a way as to" determine whether the

impairment began before Jones' insured status expired. *Id.* at 104.

We find the Eighth Circuit's decision persuasive and therefore adopt its rule for this circuit. As the Eighth Circuit noted, "PTSD is an unstable condition that may not manifest itself until well after the stressful event which caused it, and may wax and wane after manifestation." *Id.* at 103. Retrospective medical diagnoses constitute relevant evidence of pre-expiration disability, and properly corroborated retrospective medical diagnoses can be used to establish disability onset dates. As the ALJ erred in failing to consider the retrospective medical diagnoses and the corroborating lay evidence, the judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.