IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60665
Summary Calendar
_____

MILTON MORRIS,

                                        Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER
OF SOCIAL SECURITY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(97-CV-141-BRS)
--------------------

October 14, 1999

Before POLITZ, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant Milton Morris appeals the district court's judgment affirming the Commissioner of Social Security's denial of disability benefits. Morris contends that the Administrative Law Judge (ALJ) did not apply the proper legal standards in evaluating his claim. Specifically, Morris asserts that the ALJ erred in finding that he was not disabled without considering or referring to lay testimony that corroborated a "retrospective" diagnosis of post traumatic stress disorder (PTSD).

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

There is no medical opinion that Morris's impairment relates back to the insured period.  Thus, there has been no "retrospective diagnosis."  See Estok v. Apfel, 152 F.3d 636, 638 (7th Cir. 1998) (defining the term "retrospective diagnosis").  As there is thus no retrospective diagnosis to corroborate, the ALJ did not err in declining to consider the lay testimony.  Cf. Likes v. Callahan, 112 F.3d 189 (5th Cir. 1997) (holding that lay testimony was relevant to corroborate retrospective diagnosis of PTSD).

Morris also argues that the ALJ failed to consult a medical advisor, pursuant to Social Security Ruling (SSR) 83-20, from which to infer the onset date of his disability.  Morris did not raise this issue before Appeals Council and did not produce any medical evidence or opinion from which an onset date of disability during the relevant period could have been inferred.  Thus, SSR 83-20 is inapplicable, and the ALJ was not required to consult a medical advisor.  See SSR 83-20.

Having reviewed the entire record, we find that the decision is supported by substantial evidence and that the proper legal standards were used in evaluating the evidence.  See Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992); 42 U.S.C. § 405(g). AFFIRMED.