IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31478
Summary Calendar
_____

HELENA ORPHEY,

Plaintiff-Appellant,

versus

LARRY G. MASSANARI, ACTING COMMISSIONER OF
SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(99-CV-1612)
--------------------
July 17, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Helena Orphey has appealed the district court's judgment affirming the Commissioner's denial of her application for disability insurance benefits. We may not review the Commissioner's refusal to reopen prior disability insurance applications; neither may we review the Commissioner's determination that the question whether Orphey suffered from a disabling condition prior to December 18, 1992, was res judicata. See Robertson v. Bowen, 803 F.2d 808, 810 (5th Cir. 1986). Orphey contends that her claim for disability insurance benefits for all

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

times before December 18, 1992 is not res judicata because her mental impairment must be reevaluated under the transitional provisions in Section 5 of the Social Security Disability Benefits Reform Act of 1984, Pub. L. 98-460, 98 Stat. 1794, 1801-02 (1984) (the "DBRA"). This argument is without merit. Regulations implementing Section 5 of the DBRA, became effective on August 28, 1995, prior to the filing of Orphey's first application for disability insurance benefits; and the transitional provisions, cited by Orphey, are not applicable. See Passopulos v. Sullivan, 976 F.2d 642, 646 (11th Cir. 1992).

Orphey contends that the Commissioner committed errors of law in determining that she was not disabled and that the Commissioner's determination was not supported by substantial evidence. See Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). The Administrative Law Judge ("ALJ") determined at step 4 of the sequential process that Orphey was capable of performing her past relevant work as a teacher's aide, and, accordingly, was not disabled. See Newton v. Apfel, 209 F.3d 448, 453 (5th Cir. 2000).

Orphey argues that the Secretary implicitly found her unable to perform her past relevant work in 1988 in its decision denying her first application for disability insurance benefits. This argument is specious. The purported finding relates to a different period of time and the argument is based on findings that were vacated by the Appeals Council's subsequent remand order. On remand, the ALJ determined that Orphey was capable of performing her past relevant work.

2

Orphey also argues that the ALJ erred in relying on the Dictionary of Occupational Titles in determining that she was capable of performing her past relevant work as it is performed in the national economy. She contends that her past relevant work, as she actually performed it, involved heavy lifting. This argument too is without merit. To determine whether Orphey could perform her past relevant work, the ALJ was required to assess the physical demands of that work. See Villa, 895 F.2d at 1022. "This determination may rest on descriptions of past work as actually performed or as generally performed in the national economy. ALJs may take notice of job data in the Dictionary of Occupational Titles . . . ." Id. (internal citation omitted); see Leggett v. Chater, 67 F.3d 558, 564-65 (5th Cir. 1995).

Orphey asserts that the occupation of teacher's aide is semi-skilled. She argues that the ALJ determined in 1988 that Orphey had no transferable skills. As she is unskilled, contends Orphey, there is no evidence supporting the ALJ's finding that she possessed the skills necessary to perform the occupation as it is performed in the national economy. This contention as well is without merit. The 1988 decision was vacated by the Appeals Council and Orphey's insistence that she did not have the skills necessary to be a teacher's aide is belied by the fact that she worked as a teacher's aide for 18 years.

Orphey contends that there is no evidence that she could perform the full range of light work, given her stooping, sitting, walking, and standing restrictions. Yet again, her argument is

without merit.  Dr. Charles Ahlm concluded that Orphey was limited to "frequent" climbing, balancing, stooping, kneeling, crouching, and crawling only.  The Commissioner's determination that Orphey was capable of performing a full range of light work was supported by substantial evidence.

Orphey advances that the ALJ failed to give adequate weight to the reports of Drs. John Sabatier, Charles Robertson, and Charles Cox in determining that the onset date of her mental illness post-dated the expiration of her insured status on December 31, 1992. "A claimant is eligible for benefits only if the onset of the qualifying medical impairment [or combination of impairments] began on or before the date the claimant was last insured." Loza v. Apfel, 219 F.3d 378, 393 (5th Cir. 2000).  "The claimant's stated onset date of disability is to be used as the established date when it is consistent with available medical evidence and may be rejected only if reasons are articulated and the reasons given are supported by substantial evidence." Id.; see Ivy v. Sullivan, 898 F.2d 1045, 1048 (5th Cir. 1990).  "The starting point of determining the onset date is the claimant's allegation as to when the disability began, and the date the disability caused the claimant to stop work is very significant.  Nevertheless, the medical evidence is the primary element in the determination of the onset of disability." Spellman v. Shalala, 1 F.3d 357, 361 (5th Cir. 1993) (internal citations omitted).

Retrospective medical diagnoses constitute relevant evidence of pre-expiration disability.  See Jones v. Chater, 65 F.3d 102,

4

104 (8th Cir. 1995). "Where the onset date is critical, however, retrospective medical opinions alone will usually not suffice unless the claimed disability date is corroborated, as by subjective evidence from lay observers like family members." Id.; see Likes v. Callahan, 112 F.3d 189, 190-91 (5th Cir. 1997) (adopting Jones); see also Loza, 219 F.3d at 396.

Although Orphey's stated onset date is not inconsistent with the medical evidence, see Loza, 219 F.3d at 393, the ALJ did expressly consider the retrospective medical evidence. The ALJ noted that Drs. Robertson and Cox had not expressed opinions about the onset date of Orphey's mental illness, that no corroborating lay testimony had been presented, and that the medical evidence prior to the expiration of Orphey's insured status did not mention that Orphey suffered from depression or any other mental illness. The ALJ noted specifically that the physicians who were managing Orphey's arthritic pain did not mention that she was depressed.

Orphey nevertheless urges that the ALJ erred by failing to consult a medical advisor. Unlike the situation in Spellman, 1 F.3d at 362, the contemporaneous medical evidence in this case is not ambiguous, and there was no medical evidence prior to the expiration of Orphey's insured status indicating that Orphey was suffering from a mental illness.

Orphey also urges that the ALJ erred by failing to apply the severity standard of Stone v. Heckler, 752 F.2d 1099, 1101 (5th Cir. 1985), in evaluating her mental impairments. As the medical records do not indicate that the onset date of Orphey's mental

impairments pre-date the expiration of her insured status, <u>Stone</u> is inapplicable. For the same reason, the ALJ was not required to evaluate Orphey's mental impairments under 20 C.F.R. § 404.1520a.

For the foregoing reasons, the judgment of the district court is, in all respects,

AFFIRMED.