**Jerry R. SHEDDEN, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 04–7001.

United States Court of Appeals, Federal Circuit.

Aug. 20, 2004.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, KS, argued for claimant-appellant.

Martin F. Hockey, Jr., Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General; and David M. Cohen, Director. Of counsel were Michael J. Timinski, Deputy Assistant General Counsel, and Y. Ken Lee, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

Before NEWMAN, DYK and PROST, Circuit Judges.

Opinion concurring-in-part and dissenting-in-part filed by NEWMAN, Circuit Judge.

DYK, Circuit Judge.

Appellant Jerry R. Shedden ("Mr.Shedden") appeals from the decision of the Court of Appeals for Veterans Claims affirming the Board of Veterans' Appeals' ("BVA") denial of his claim for clear and unmistakable error ("CUE") in a 1994 BVA decision that denied service connection for a psychiatric disorder. *Shedden v. Principi*, No. 01–1534, 2003 WL 22020182 (Vet.App. Aug. 22, 2003). While the Court of Appeals for Veterans Claims erroneously stated that 38 U.S.C. § 105(a) does not create a presumption of service connection, we conclude that this error was harmless, and we affirm.

## BACKGROUND

Mr. Shedden served on active duty in the United States Marine Corps from January 1968 to January 1972. After leaving service, Mr. Shedden made a claim for service connection for a psychiatric disorder that the Department of Veterans Affairs ("VA") Regional Office ("RO") denied in a February 1980 rating decision. In a

1982 rating decision the RO denied Mr. Shedden's claim for service connection for post-traumatic stress disorder ("PTSD"). Neither of these decisions was appealed, and they became final.

Subsequently, Mr. Shedden requested that his claim of entitlement for service connection for a psychiatric disorder, including PTSD, be reopened because of new and material evidence. The RO denied this request in July 1988. That decision was appealed, and the BVA remanded to the RO for additional development. After a series of decisions by the RO continuing to deny Mr. Shedden's claim for service connection, the appellant again appealed to the BVA.

In a June 1994 decision the BVA determined that new and material evidence had been submitted and reopened Mr. Shedden's claim, but it denied it on the merits. Reviewing Mr. Shedden's claim *de novo*, the BVA found that during the period he was on active duty, "[t]he veteran's service medical records [we]re silent as to any complaints, treatment or diagnosis of a psychiatric disorder." *In re Shedden*, No. 89–25 959, slip op. at 6 (Bd. Vet.App. June 2, 1994) (the "1994 decision"). The BVA further held that "[t]here is also no showing of what could be an acquired psychiatric disorder either prior to or during service, or at a point sufficiently proximate to service as could be reasonably related thereto." *Id.* at 10. Moreover, the BVA found that the veteran had failed to show that he was then suffering from PTSD. *Id.* at 4.

In December 2000 Mr. Shedden filed a claim alleging that there was CUE in the BVA's 1994 decision. Among other things,[1] Mr. Shedden contended that there was evidence in the record that he had suffered from a psychiatric condition during service and that this triggered a presumption of service connection under 38 U.S.C. § 105(a). In a 2001 decision the BVA rejected Mr. Shedden's CUE claim holding that in the 1994 decision it correctly "found that a psychiatric disorder had not been incurred in or aggravated by active service" and that "[t]he Board was not required to consider the provisions of 38 U.S.C.[ ] § 105(a)." *In re Shedden*, No. 01–02 277, slip op. at 31 (Bd.Vet.App. July 23, 2001). The BVA further held that, even if section 105(a) were applicable, the veteran's

> assertions that the statute creates a presumption of service connection is [sic] without merit. As the language of the statute indicates, an injury or disease that is incurred during active service is deemed to have been incurred in the line of duty and not the result of the veteran's own misconduct. Service connection can be granted only for diseases or injuries that are incurred in the line of duty, and the statute creates a presumption that an injury incurred during active service was incurred in the line of duty. The statute does not pertain to whether the injury or disease was, in fact, incurred in active service.

*Id.* (citations omitted).

On appeal, the Court of Appeals for Veterans Claims agreed with the BVA that section 105(a) provides a presumption that an injury was incurred in the "line of duty," but "does not grant presumptive service connection for an injury ... incurred in active duty." *Shedden v. Principi*, slip op. at 3. The court further held that the veteran's section 105(a) argument "d[id] not constitute a sufficient basis for

---

1. The other grounds for CUE pressed by Mr. Shedden before the Court of Appeals for Veterans Claims have been abandoned on appeal.

establishing CUE ... because he ha[d] not demonstrated how any of the asserted errors ... would have been outcome determinative of the June 1994 BVA decision...." *Id.* Mr. Shedden timely appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

■ "We review a claim for legal error in the decision of the Court of Appeals for Veterans Claims without deference." *Moody v. Principi,* 360 F.3d 1306, 1310 (Fed.Cir.2004).

### I

■ Sections 1110 and 1131 of Title 38 of the United States Code provide compensation to veterans for personal injury or disease and for aggravation of a preexisting injury or disease, if they are incurred "in line of duty" and are service-connected. *See* 38 U.S.C. §§ 1110, 1131 (2000).[2] We have recently had occasion to review the application of those provisions in the context of the presumption of soundness in *Wagner.* This case requires us to consider their application in the context of 38 U.S.C. § 105(a). Section 105(a) provides that:

> [a]n injury or disease incurred during active military, naval, or air service will be deemed to have been *incurred in line of duty* and not the result of the veterans own misconduct when the person on whose account benefits are claimed was, at the time the injury was suffered or disease contracted, in active military, naval, or air service, whether on active duty or on authorized leave, unless such

injury or disease was a result of the persons own willful misconduct or abuse of alcohol or drugs.

38 U.S.C. § 105(a) (emphasis added).[3] Here, we must consider whether the statutory language "incurred in line of duty" and "service-connected" mean the same thing. We conclude that they do.

■ The statute itself makes clear that "service-connected" means the same thing as "incurred in the line of duty." 38 U.S.C. § 101(16) states that: The term service-connected means, with respect to disability or death, that such disability was incurred or aggravated, or that the death resulted from a disability incurred or aggravated, in line of duty in the active military, naval, or air service. 38 U.S.C. 101(16). We have also assumed that this is the correct interpretation. *See Forshey v. Principi,* 284 F.3d 1335, 1352 (Fed.Cir.) (*en banc*) (referring to the presumption of service connection set forth in 38 U.S.C. 105(a)), *cert. denied,* 537 U.S. 823, 123 S.Ct. 110, 154 L.Ed.2d 33 (2002). Thus we conclude that section 105(a) creates a presumption of service connection, that is, that a disability first manifested or aggravated during active duty is deemed to be service connected, unless such injury or disease was a result of the persons own willful misconduct or abuse of alcohol or drugs. 38 U.S.C. 105(a).

■ However, the mere fact that a serviceman has suffered a service-connected disease or injury does not automatically lead to compensation for future disabilities. The Court of Appeals for Veterans Claims has correctly noted that in order to estab-

---

**2.** While sections 1110 and 1131 do not directly impose a requirement of service connection, they provide for "compensation," 38 U.S.C. §§ 1110, 1131, which is defined to mean a payment made "because of service-connected disability" or death, 38 U.S.C.

§ 101(13). *See Wagner v. Principi,* 370 F.3d 1089, 1093 (Fed.Cir.2004).

**3.** The current version of section 105(a) is identical to the one in effect at the time of the 1994 decision.

lish service connection or service-connected aggravation for a present disability the veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. *Hansen v. Principi*, 16 Vet.App. 110, 111 (2002) (citing *Caluza v. Brown*, 7 Vet.App. 498, 505 (1995), *affd*, 78 F.3d 604 (Fed.Cir. 1996) (table)). Thus, while section 105(a) establishes a presumption that the disease or injury incurred during active duty is service-connected, the veteran seeking compensation must still show the existence of a present disability and that there is a causal relationship between the present disability and the injury, disease, or aggravation of a preexisting injury or disease incurred during active duty.[4] *See also Dambach v. Gober*, 223 F.3d 1376, 1380 (Fed.Cir.2000) (explaining that under 38 U.S.C. 1154(b) a veteran may proffer satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease to establish the causal relationship and other requirements for service connection (quoting *Collette v. Brown*, 82 F.3d 389, 393 (Fed.Cir.1996))). However, there is not, as the government contended at oral argument, any requirement to show a causal relationship between the present disability and the particular event or circumstance that gave rise to the in-service injury or aggravation.

## II

■ The appellants complaint in this case, as best we can determine from the somewhat confusing briefs and oral argument, is that the Court of Appeals for Veterans Claims incorrectly stated that

section 105(a) did not create a presumption of service connection for a disease or injury that was incurred during active service. In this respect the appellant is correct. The Court of Appeals for Veterans Claims held that section 105(a) provid[es] a presumption in favor of finding line of duty, but does not grant presumptive service connection for an injury ... incurred in active duty. *Shedden*, slip op. at 3. As explained above the statute makes no distinction between the terms incurred in line of duty and service-connected. Contrary to the Court of Appeals for Veterans Claims opinion, section 105(a) creates a presumption of service connection when [a]n injury or disease [was] incurred during active military, naval, or air service ... unless such injury or disease was a result of the persons own willful misconduct or abuse of alcohol or drugs. 35 U.S.C. 105(a).

## III

However, the Court of Appeals for Veterans Claims error in this case was harmless. The Court of Appeals for Veterans Claims held alternatively that there was no CUE because Mr. Shedden had failed to show that section 105(a) would have been outcome determinative of the June 1994 BVA decision. *Id.* We interpret this to mean that the court agreed with the BVA on its other ground for rejecting Mr. Sheddens section 105(a) argument, namely that there was no showing of a psychiatric condition incurred in active service that could give rise to the section 105(a) presumption. This alternate ground for affirming the judgment of no CUE has not been challenged on appeal.

---

4. Of course, the presumption under section 105(a) will not apply if the disease or injury incurred during active service "was a result

of the persons own willful misconduct or abuse of alcohol or drugs." 38 U.S.C. 105(a). Such misconduct is not at issue in this case.

This court reviews the judgments entered in appeals from the Court of Appeals for Veterans Claims, not the opinions issued by that court. *Szemraj v. Principi,* 357 F.3d 1370, 1375 (Fed.Cir.2004). In this case, the judgment denying the appellant's CUE claim was unaffected by the Court of Appeals for Veterans Claim's interpretative error because that judgment rested on an alternate ground that was unaffected by the error. There is therefore no basis to reverse that judgment, and the decision of the Court of Appeals for Veterans Claims is

*AFFIRMED.*

COSTS.

No costs.

PAULINE NEWMAN, Circuit Judge, concurring in part, dissenting in part.

The panel majority correctly concludes that the Court of Appeals for Veterans Claims (CAVC) misconstrued 38 U.S.C. § 105, and that the statute creates a presumption that a disability first manifested or aggravated during active duty is deemed service connected. However, I do not agree that the CAVC error in statutory interpretation and application was in this case "harmless," for the record is not sufficiently developed nor the opinion below sufficiently detailed to know whether a different result might ensue on the correct statutory meaning and application.

The statutory construction that this court now adopts is neither the one advanced by the government nor the one proposed by Mr. Shedden. Thus neither side has identified evidence in the record supporting its position under our statutory construction. Since there appears to be evidence in the record relevant to the origin of Mr. Shedden's psychiatric disorder, I would remand so that the evidence can be considered by the appropriate tribunal under the correct law.

The panel majority agrees with the CAVC's conclusion that Mr. Shedden did not show that the correct interpretation of § 105 "would have been outcome determinative of the June 1994 BVA decision." Maj. op. at 1167 (quoting *Shedden v. Principi,* No 01–1534, slip op. at 3 (Vet.App. Aug. 22, 2003)). The CAVC did not explain its reasoning, and may be factually incorrect. The statement is so conclusory that my colleagues in the majority have to speculate about what the CAVC had in mind.

To establish a service-connected disability, the veteran must show a present disability, the in-service incurrence or aggravation of a disease or injury, and a causal relationship between them. The panel majority holds, and I agree, that any injury or illness incurred or aggravated while the veteran is serving on active duty is deemed to be service connected. Presumably, the CAVC ruled that an essential element of Mr. Shedden's claim was missing; however, the CAVC would have had to find that Mr. Shedden does not now suffer from post-traumatic stress disorder, or that he was not injured or incurred illness while on active duty, or that the events in service and later are not causally related. The panel majority is not sure, stating, "We interpret [the court's statement] to mean that the court agreed with the BVA on the other ground for rejecting Mr. Shedden's section 105(a) argument, namely that there was no showing of a psychiatric condition incurred in active service that could give rise to the section 105(a) presumption." The CAVC, however, did not make a finding concerning service events that could give rise to post-traumatic stress disorder, but apparently required that the disorder itself was manifested during the period of active service.

Mr. Shedden points out, and it is well-known, that post-traumatic stress disorder is not always manifested immediately upon the occurrence of the causal event. The panel majority's requirement that there be "a psychiatric condition incurred in active service" does not also require that the manifestation thereof appeared immediately. The antecedent basis for post-traumatic stress disorder is an in-service trauma, nor an earlier psychiatric disorder. Delayed onset has been recognized by the courts. *See, e.g., Moe v. United States,* 326 F.3d 1065, 1069 (9th Cir.2003) (post-traumatic stress disorder linked to shooting at workplace); *Likes v. Callahan,* 112 F.3d 189, 191 (5th Cir.1997) (" 'PTSD is an unstable condition that may not manifest itself until well after the stressful event which caused it, and may wax and wane after manifestation.' ") (quoting *Jones v. Chater,* 65 F.3d 102, 103 (8th Cir.1995)).

Mr. Shedden points to medical evidence in the record linking his current psychiatric difficulties with events from his military service, particularly with the gunshot wound he incurred in the line of duty. On the correct statutory construction, he must be permitted to establish this link. The panel majority's holding that he must show not only a traumatic event but its psychiatric consequences manifested during service appears to be medically incorrect. This court should not establish a scientific/medical error as a matter of law.

The case should be remanded, for redetermination under the correct interpretation of the statute.