United States Court of Appeals
Fifth Circuit

F I L E D

June 9, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-40366

GORDON D. MCLENDON,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court for
the Eastern District of Texas
(USDC No. 2:03-CV-1849)

Before REAVLEY, CLEMENT and PRADO, Circuit Judges.

PER CURIAM:[*]

Reviewing under the same standard as the district court, we affirm the ALJ's final

decision denying McLendon's claim for disability insurance benefits under Title II of the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Social Security Act, 42 U.S.C. § 401 et seq., for the following reasons:

1.    We find that the ALJ's decision comports with the legal standards for disability determination set forth by this Court under the Act and relevant regulations, including our decisions in Likes v. Callahan, 112 F.3d 189 (5th Cir. 1997) and Ivy v. Sullivan, 898 F.2d 1045 (5th Cir. 1990).

2.    We find there is substantial evidence of record supporting the ALJ's determination that McLendon is not disabled within the meaning of the Act.

3.    As McLendon's Title II insured status expired on June 30, 1977, he must establish that he became disabled on or before that date to be eligible for benefits.  Ivy, 898 F.2d at 1048.  The mere presence of an impairment does not necessarily establish a disability.  If a claimant has a degenerative or ongoing impairment, the relevant inquiry is whether the claimant was actually disabled during the relevant time, not whether a disease existed that ultimately progressed to a disabling condition.  Evidence showing a degeneration of a claimant's condition after the expiration of his Title II insured status is not relevant to the Commissioner's Title II disability analysis.  See Torres v. Shalala, 48 F.3d 887, 894 n.12 (5th Cir. 1995).

We have recognized, however, that retrospective medical diagnoses may constitute relevant evidence of pre-expiration disability, and that properly corroborated retrospective diagnoses can be used to establish disability onset dates.  Likes, 112 F.3d at 190-91.  An ALJ may not refuse

2

to consider retrospective diagnoses uncorroborated by contemporaneous medical reports, but corroborated by lay testimony. Id. We have also recognized that precise contemporaneous medical records are not always a prerequisite to establishment of a disability onset date. Ivy, 898 F.2d at 1049.

4.    In this case, we do not think the ALJ ran afoul of either Likes or Ivy. In Likes, two mental health professionals expressly opined that Likes had suffered from chronic post traumatic stress disorder since well before his date last insured. 112 F.3d at 190.

In Ivy, in addition to being corroborated by lay testimony, the medical evidence clearly demonstrated a long chronology and consistent history of serious obesity as well as severe hypertension, the chief impairment complained of. 898 F.3d at 1046-47. The ALJ faulted the contemporaneous records in that they did contain precise blood pressure readings and recordings of Ivy's height and weight during the period of elevated blood pressure. Id. We rejected the ALJ's insistence on such precision in the face of other overwhelmingly persuasive medical and lay evidence of severe impairment, which included the testimonial recollections of the doctor who treated Ivy contemporaneously with her alleged onset. Id. at 1048-49.

5.    Here, the problem is not a lack of record detail, but a complete dearth of

any medical evidence prior to 1986, coupled with a lack of any express retrospective medical opinion relating back to the insured period. While the ALJ had potentially corroborating lay evidence before her, no physician of record referred back in time or speculated as to McLendon's condition on some prior date, much less expressed specific opinions about the onset date of McLendon's lung or fatigue impairments.

The only evidence before the ALJ relating to McLendon's alleged pre-1977 disability was a single chart note made in 1986, which refers to McLendon's own comments regarding his long-term fatigue, and an X-ray report made in 1996, noting signs of emphysema related to chronic obstructive pulmonary disease (COPD). Isolated comments regarding a patient's complaints do not constitute medical findings as required by the Act. See 20 C.F.R. §§ 404.1528-1529. Aside from the passing retrospective X-ray chart entry, the record contains no medical conclusions about the existence of McLendon's COPD or chronic fatigue syndrome impairment prior to June 30, 1977. This reference, when considered in light of the entire record, does not establish the existence of McLendon's severe medical impairment as far back as that date.

6.  While a retrospective opinion can prove the existence of a disability, the retrospective opinion must refer clearly to the relevant period of disability and not simply express an opinion to the claimant's current status. Records

4

describing a claimant's current condition cannot be used to support a retrospective diagnosis of disability absent evidence of an actual disability during the time of insured status. Accordingly, the ALJ did not err in declining to give retrospective consideration to the reports and evaluations of McLendon's post-1977 ailments.

7. Finally, we note that McLendon's activities subsequent to the date last insured, while not always monetarily remunerated, belie his subjective contention that he was disabled prior to that date. See Reyes v. Sullivan, 915 F.2d 151, 154-55 (5th Cir. 1990)(recognizing that a claimant's daily activities are relevant in assessing subjective complaints).

AFFIRMED.