# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50149

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2018

Lyle W. Cayce
Clerk

TAMMY R. FABIAN,

   Plaintiff - Appellant

v.

NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL
SECURITY,

   Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:15-01139

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

  Plaintiff–Appellant Tammy Fabian brought this action under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) ("the Act"), to obtain judicial review of the Commissioner of Social Security's administrative decision that Fabian was not entitled to disabled adult child (DAC) insurance benefits under Title II of the Act. The district court affirmed the Commissioner's decision. On appeal, Fabian contends that (1) the Commissioner's decision is not supported

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50149

by substantial evidence, and (2) the Commissioner violated her Due Process rights by applying the incorrect federal regulation to her case. We conclude that the Commissioner's decision is supported by substantial evidence, so we affirm.

I.    Background

Before considering the merits of Fabian's claims, we review the factual and procedural history of this case. Fabian is a fifty-three year old woman who suffers from panic attacks, PTSD, depression, and agoraphobia. She claims that these issues stem from an accident when she was two years old which caused a "severe, disfiguring, painful and disabling injury" to her left arm. Fabian filed an application for disability benefits based on her mental health issues when she was twenty-eight years old and has received disability benefits since that date.[1]

In March 2006, Fabian applied for DAC benefits under Title II of the Social Security Act, seeking disability benefits for the time between when she was two until she was twenty-two years old.[2] To qualify for DAC benefits, Fabian must demonstrate that she was disabled before 1986, viz., that prior to 1986, she was unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[3]

Fabian asserted that her disabilities began when she was injured at age two and were exacerbated by a childhood of emotional abuse and neglect.

---

[1] Her current application, however, seeks retroactive DAC benefits for 1966–1986, from the alleged onset of her disability until she turned twenty-two.

[2] An adult disabled before age 22 may be eligible for disabled adult child benefits if her parent is deceased or receives retirement or disability benefits. Such benefits are paid based on the parent's Social Security earnings record. *See* 20 C.F.R. § 404.350(a).

[3] 42 U.S.C. § 423(d)(1)(A).

2

No. 17-50149

Fabian explained that immediately after her childhood injury she began showing symptoms of PTSD, depression, and anxiety, and was "messed up for the rest of her life." Fabian stated that she was "barely" able to attend school as a child and teenager and that she was unable to maintain employment, all as the result of her "severe chronic PTSD." Fabian admitted that "there are no medical records prior to age 22," but explained that she "may have been/was most probably told by a doctor of the diagnosis."

Despite the absence of medical records during the relevant time period, Fabian claimed that supplemental evidence, such as her testimony and that of her aunt, school records, and medical records after the relevant time period, lead to the "logical conclusion[]" that she was disabled before she reached twenty-two years of age. Fabian submitted medical records that demonstrate she underwent cosmetic reconstructive surgery to her arm at age twenty-eight and has undergone psychological treatment since that time.

In 2008, the Commissioner denied Fabian's application, noting there was no evidence that she was disabled before the age of twenty-two. The SSA reopened the case in 2009 and then again denied Fabian's application that same year. Fabian appealed to the SSA Appeals Council and eventually filed three separate suits against the SSA Commissioner. In January 2015, ALJ Gazda held an administrative hearing and affirmed the Commissioner's decision. The ALJ determined that substantial evidence supported the Commissioner's finding that Fabian was not disabled before the age of twenty-two. Fabian appealed that decision in district court. After the parties consented to proceed before a magistrate judge, that judge affirmed the Commissioner's decision. Fabian now appeals.

II.    Standard of Review

We review the district court's decision de novo, but our review of the Commissioner's decision is limited to "(1) whether the decision is supported by

3

substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard."[4] Substantial evidence is "more than a mere scintilla and less than a preponderance,"[5] and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[6]  In applying this standard, we may not "re-weigh the evidence, try the questions *de novo*, or substitute our judgment for the Commissioner's, even if we believe the evidence weighs against the Commissioner's decision."[7]

III.    Analysis

A claimant may be eligible for DAC benefits if she is 18 years old or older and has "a disability that began before [she] became 22 years old."[8] The claimant has the burden of proving that she suffered from a disability during the relevant time period.[9] A claimant is "disabled" under the Social Security Act if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[10] The Commissioner uses a five-step process to determine if a claimant was disabled during the relevant time period: (1) whether the claimant performed substantial gainful activity; (2) whether the claimant had a severe impairment; (3) whether the impairment meets or equals an impairment listed in the relevant regulations; (4) whether the impairment prevented the claimant from doing past relevant work; and (5)

---

[4] *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

[5] *Id.* (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)).

[6] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[7] *Masterson*, 309 F.3d at 272.

[8] 20 C.F.R. § 404.350(a)(5); *Stringer v. Astrue*, 465 F. App'x 361, 362–63 (5th Cir. 2012).

[9] *Perez*, 415 F.3d at 461.

[10] 42 U.S.C. § 423(d)(1)(A).

whether the impairment prevented the claimant from performing any other substantial gainful activity.[11] If at any step the Commissioner determines that the claimant was not disabled, the inquiry ends.[12]

At step one of the disability inquiry, the Commissioner determined that Fabian did not engage in any substantial gainful activity during the relevant time period. At step two, he determined that there were no medical signs or laboratory findings to substantiate a disability during the relevant time period. Because he determined at that step that Fabian was not disabled, the inquiry ended and her application for DAC benefits was denied.[13]

Fabian asserts that the Commissioner's finding that she was not disabled before age twenty-two is not supported by the substantial evidence. In particular, Fabian contends that the Commissioner erred in disregarding lay testimony from Fabian and her aunt regarding her childhood disabilities, failing to consider her school attendance record, and failing to adequately consider the testimony of her treating physician.

At the time of the administrative hearing, the relevant federal regulation provided that a disability "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms."[14] This court has recognized, however, that when medical records for the relevant time

---

[11] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[12] *Morgan v. Colvin*, 803 F.3d 773, 776 (5th Cir. 2015).

[13] S*ee id.*

[14] 20 C.F.R. § 404.1508 (2015). This regulation was revised effective March 27, 2017. In this case, however, we apply the 2015 regulation as it was in effect at the time of the ALJ's determination. *See, e.g., Young v. Berryhill*, 689 F. App'x 819, 821 n.3 (5th Cir. 2017).

period are not available, "properly corroborated retrospective medical diagnoses can be used to establish disability onset dates."[15] Such opinions, however, "must refer clearly to the relevant period of disability and not simply express an opinion to the claimant's current status. Records describing a claimant's current condition cannot be used to support a retrospective diagnosis of disability absent evidence of an actual disability during the time of insured status."[16]

Here, the Commissioner evaluated the reports from each of Fabian's treating physicians. None of those physicians, however, had treated or evaluated Fabian during the relevant time period. The Commissioner specifically noted that those doctors only opined about Fabian's current condition and were not willing to speculate regarding her condition before the age of twenty-two. The treating physicians' testimony regarding Fabian's current condition does not establish a retrospective diagnosis.[17] The Commissioner also noted that those physicians who did have an opportunity to review "the entire longitudinal history" of Fabian's medical file did not conclude that she was disabled during the relevant time period. Based on this evidence, and contrary to Fabian's assertion, the Commissioner did not fail to consider the opinions of her treating physicians. Instead, he reviewed that evidence in light of the record as a whole and concluded that the treating physicians' testimony failed to establish that Fabian was disabled before age twenty-two.

Next, Fabian insists that the Commissioner failed to consider nonmedical evidence, including school records and lay testimony from herself

---

[15] *Likes v. Callahan*, 112 F.3d 189, 191 (5th Cir. 1997).

[16] *McLendon v. Barnhart*, 184 F. App'x 430, 432 (5th Cir. 2006) (per curiam).

[17] *See id.*

and her aunt, when determining if she was disabled. First, the regulation in place at the time of Fabian's claim states that when determining whether a claimant has a severe impairment—step two in the disability determination—the Commissioner "will not consider your age, education, and work experience."[18] Thus, evidence of Fabian's school attendance, or lack thereof, cannot establish that she was severely impaired. Second, Fabian is correct that "information *may* be obtained from family members, friends, and former employers regarding the course of the claimant's condition"[19]; however, such testimony is not necessarily sufficient to establish a medically determinable impairment.[20] Here, the Commissioner evaluated Fabian's and her aunt's testimony, yet ultimately determined that the evidence as a whole failed to establish Fabian's pre-age twenty-two disability. As the Commissioner noted, Fabian testified that she did not receive any mental health treatment as a child. She admitted that her arm injury healed and that she attended school until she got married. She did not seek medical treatment for her arm until

---

[18] 20 C.F.R. § 404.1520(c). Fabian also argues that the Commissioner erroneously applied the incorrect federal regulation, because 20 C.F.R. § 404.1520(c)—preventing consideration of education and work experience at step two of the disability analysis—was not effective until March 2017. She contends that these regulations are not retroactive, so the Commissioner's decision violated her constitutional right to Due Process. But this regulation became effective August 24, 2012; so Fabian's argument is unavailing. *See* 20 C.F.R. § 404.1520(c).

[19] *Ivy v. Sullivan*, 898 F.2d 1045, 1049 (5th Cir. 1990) (emphasis added).

[20] *See, e.g.*, *Vella v. Astrue*, 634 F. Supp. 2d 410, 418 (S.D.N.Y. 2009), *aff'd sub nom. Vella v. Comm'r of Soc. Sec.*, 394 F. App'x 755 (2d Cir. 2010) (holding that substantial evidence supported Commissioner's finding that claimant was not disabled before age 22 when claimant failed to provide "objective medical evidence" of a disability in the relevant time period, and instead "relied entirely on his own testimony and his friend's and family's statements in proving his disability."); *Turner v. Apfel*, 11 F. App'x 439, 440–41 (6th Cir. 2001) (holding that evidence such as school records, mental health evaluations, arrest records, and records of hospitalizations after the relevant time period were insufficient to establish a childhood disability); *Duraku v. Barnhart*, No. 01 CV 310 (JG), 2002 WL 31956008, at *4 (E.D.N.Y. Dec. 10, 2002) (explaining that a claimant's own testimony that she was disabled before age 22, without "objective support" was insufficient to establish her claim for DAC benefits).

age twenty-eight, and even then underwent surgery only for cosmetic purposes. Based on this evidence, the Commissioner determined that Fabian failed to establish she was severely impaired before age twenty-two. Because the Commissioner's decision was based on "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," his decision was supported by substantial evidence.[21]

Fabian is essentially asking us to re-evaluate all of the evidence in her case and to reach a result different from the conclusion that the Commissioner reached when evaluating her claim. Our review, however, is limited. We may not "re-weigh the evidence, try the questions *de novo*, or substitute our judgment for the Commissioner's, even if we believe the evidence weighs against the Commissioner's decision."[22] Because the Commissioner's conclusions are based on credible evidence, we must affirm his decision.[23]

IV.    Conclusion

The Commissioner applied the correct legal standard in evaluating Fabian's claim for DAC benefits, and his decision that she failed to establish a disability during the relevant time is supported by substantial evidence. We therefore AFFIRM.

---

[21] *See Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co.*, 305 U.S. at 229).

[22] *Masterson*, 309 F.3d at 272 (5th Cir. 2002).

[23] *See id.* ("We affirm the Commissioner's findings whenever supported by substantial evidence.").