﻿Citation Nr: AXXXXXXXX
Decision Date: 06/29/20 Archive Date: 06/29/20

DOCKET NO. 190617-13331
DATE: June 29, 2020

ORDER

Entitlement to service connection for tinnitus is granted.

FINDING OF FACT

Resolving reasonable doubt in the Veteran’s favor, his tinnitus is at least as likely as not related to in-service acoustic trauma. 

CONCLUSION OF LAW

The criteria for service connection for tinnitus are met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from July 1990 to February 1994. 

In March 2019, the agency of original jurisdiction (AOJ) issued an Appeals Modernization Act (AMA) rating decision that denied the Veteran entitlement to service connection for his tinnitus. In April 2019, the Veteran submitted a “Decision Review Request: Supplemental Claim” form for the AOJ to review the March 2019 denial. The AOJ subsequently issued a June 2019 AMA rating decision, from which this appeal stems. In June 2019, the Veteran timely appealed that determination to the Board of Veterans’ Appeals (Board) and requested direct review of the evidence considered by the AOJ. As he requested direct review by the Board without submission of additional evidence and without a Board hearing, only evidence of record at the time of the June 2019 rating decision is being considered. 38 C.F.R. § 20.301.

Service Connection for Tinnitus

Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110. Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004). 

When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the appellant prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case, it is denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Here, the Veteran asserts that his currently-diagnosed tinnitus is due to loud noise to which he was exposed while serving in the military as a boatswain’s mate. He further asserts that he has had continual tinnitus symptoms since his service discharge. His DD Form 214 and other service personnel records confirm that his military occupational specialty (MOS), which was that of a boatswain’s mate, was highly probable for hazardous noise. As such, VA conceded his military noise exposure. See March 2019 rating decision. 

Service treatment records (STRs) do not show any complaints, findings, or diagnosis of tinnitus. There is also no in-service evidence of hearing loss that could shed light on the Veteran’s tinnitus. 

At a January 2019 VA examination, the examiner diagnosed the Veteran with tinnitus and opined that it is less likely than not that his tinnitus resulted from military noise exposure. As rationale, the examiner stated that there was no significant permanent shift in hearing thresholds greater than normal measurement variability from service entrance to separation and no evidence of permanent auditory damage on active duty. She further noted that there is no evidence of complaints of tinnitus in the Veteran’s service treatment records. The examiner concluded that, although excessive noise exposure on active duty is conceded, there is no evidence of auditory damage on active duty to relate the current report of tinnitus to military noise. 

The Board finds that the Veteran’s tinnitus is related to his active service due to his exposure to loud noise. While there is no objective evidence of tinnitus in service, the Veteran asserts that he developed tinnitus in service and has had tinnitus continuously since service. The Board notes that tinnitus manifests the types of symptoms that are readily amenable to lay observation as they are subjective to the claimant. The Veteran is competent to give evidence about observable symptoms such as tinnitus and noise exposure. Layno v. Brown, 6 Vet. App. 465 (1994). His lay statements note his continued reports detailing his tinnitus symptoms, as well as his contention that he was exposed to hazardous noise in service. His statements are generally consistent with the circumstances of his service. As previously stated, VA conceded his military noise exposure due to his MOS of boatswain’s mate. Thus, considering the Veteran’s confirmed military noise exposure, the Board finds that his statements are credible and probative. 

While the Board cannot ignore or disregard the VA audiologist’s medical conclusions [see Willis v. Derwinski, 1 Vet. App. 66 (1991)], the Board is free to assess medical evidence and is not compelled to accept a medical opinion. Wilson v. Derwinski, 2 Vet. App. 614 (1992). In this case, the VA examiner’s opinion is problematic because it does not give due consideration to the Veteran’s competent account of the onset of symptoms in service and their continuity thereafter. The absence of tinnitus or hearing loss symptoms during service or at discharge is not a bar to service connection. Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). As such, the Board finds that the January 2019 VA examination does not have much probative value and cannot be used to deny the Veteran service connection for tinnitus. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). 

Considering the above, and resolving reasonable doubt in the Veteran’s favor, the Board finds that his tinnitus is at least as likely as not related to in-service acoustic trauma. 38 U.S.C. § 5107(b) (2012); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Therefore, service connection for tinnitus is warranted. 

 

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Trowers, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.