Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 201214-125843
DATE: October 29, 2021

ORDER

Service connection for an acquired psychiatric disorder, to include generalized anxiety disorder (GAD), is granted.

FINDING OF FACT

The Veteran's acquired psychiatric disorder, to include GAD, is related to his military service, including combat stressors during deployment. 

CONCLUSION OF LAW

The criteria for service connection for an acquired psychiatric disorder, to include generalized anxiety disorder, have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service in the Air Force from April 1999 to April 2005.

The rating decision on appeal was issued in September 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. 

In September 2020, the Veteran submitted a VA Form 20-0995, Decision Review Request: Supplemental Claim, and requested readjudication of service connection for generalized anxiety disorder most recently addressed in a September 2020 rating decision. In October 2020, the agency of original jurisdiction (AOJ) issued the supplemental claim decision on appeal, which found that new and relevant evidence had been received and denied the claim based on the evidence of record at the time of that decision. Therefore, the Board may only consider the evidence of record at the time of the decision on appeal and any evidence submitted during an applicable evidentiary window.

In the December 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Hearing docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran or his representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a). Of note, based on a review of the evidence of record, the undersigned concluded that a grant of service connection was warranted without the need for a hearing, and as such, the Veteran agreed to withdraw his hearing request and the hearing was canceled.

Service Connection

The Veteran seeks service connection for an acquired psychiatric disorder which he asserts is due to his in-service experiences in Pakistan. The Veteran reports experiencing mortar fire and constant changes to their THREATCON level during his deployment causing him to experience anxiety symptoms. See September 2020 Veteran Statement. 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

For the reasons that follow, the Board concludes that the Veteran has a current disability that is related to his service combat experiences. 38 U.S.C. §§ 1110, 5107(b); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a).

The September 2020 VA examination shows that the Veteran has a current diagnosis of generalized anxiety disorder (GAD). Thus, the question becomes whether the current disability is related to service. 

At the September 2020 VA examination, the Veteran reported that he first began to experience anxiety after his first deployment in 2000 to Saudi Arabia. He reported the hostile environment led to increased discomfort and anxious distress. The examiner opined that the Veteran's GAD was less likely than not related to his in-service experiences because his traumatic events meeting the criteria for PTSD were in Jacobabad, Pakistan could not be confirmed by his records.

The Board finds that there is sufficient evidence of record to establish the Veteran's deployment and presence in a hostile environment in Pakistan. 

First, a buddy statement provided by a fellow service member, dated August 12, 2020, corroborates the Veteran's experiences in Jacobabad Pakistan. He indicates that they were exposed to burning trash, large amounts of liquid feces in the form of ponds and rivers, mortar attacks and rapid gunfire. The Veteran's fellow service member reports changes in the Veteran's behavior and personality throughout the 19 years that he has known him. He indicates that the Veteran used to be a happy-go-lucky individual, calm, cool, and collected. Now, he reports the Veteran has being highly irritable, hard to work for, quiet, and at times combative and argumentative.

Second, the Veteran provided military orders showing his deployment to Oman, which he indicates was a stop over point before he went to Pakistan. 

Finally, military records indicate that the Veteran received Hostile Fire/Imminent Danger Pay from August 2002 to October 2002, the same time as his reported deployment to Pakistan. These dates also match with the Veteran's orders provided indicating deployment to Oman.

The Board finds that this evidence is sufficient to support the Veteran's contentions that he was exposed to hostile fire during deployment. Upon review of the record, the Board finds the evidence to at least be in equipoise as to whether the Veteran's current psychiatric disorder is related to service, including his combat experiences during deployment. 

Accordingly, after resolving all doubt in favor of the Veteran, the Board finds that service connection for an acquired psychiatric disorder, to include GAD, is warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

MATTHEW W. BLACKWELDER

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Jennifer M. Narvaez, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.