Citation Nr: 1114719 
Decision Date: 04/14/11 Archive Date: 04/21/11

DOCKET NO. 07-28 453 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to service connection for a thoracic spine disorder.



REPRESENTATION

Appellant represented by: Georgia Department of Veterans Services



ATTORNEY FOR THE BOARD

A. C. Mackenzie, Counsel





INTRODUCTION

The Veteran served on active duty from December 1986 to December 1989, from November 1990 to May 1991, and from April 1994 to June 2005.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2006 rating decision issued by the Atlanta, Georgia Department of Veterans Affairs (VA) Regional Office (RO). 

The Board remanded this case in December 2009. The issue before the Board at that time was characterized as service connection for "a bulging disc of the lumbar spine (also referred to as a lumbar spine disability)." However, her original claim in July 2005 was for a bulging disc in the center of her back. Given the service treatment and March 2010 VA examination findings described below, however, the Board finds that the issue is more properly characterized a disability of the thoracic spine disorder. The Board notes that the ratings assigned under 38 C.F.R. § 4.71a, Diagnostic Codes 5235-5243 concern thoracolumbar spine disorders; separate ratings are not assignable for thoracic and lumbar spine disorders.

The Veteran's appeal also initially included the issue of service connection for irritable bowel syndrome. However, this claim was granted in a January 2011 rating decision.

The claims of entitlement to increased evaluations for radiculopathy of the left upper extremity, status post arthroscopy of the left knee, and migraine headaches; and a temporary 100 percent evaluation for left knee surgery, have been raised by the record, but have not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action. 





FINDING OF FACT

There is competent medical evidence linking a current thoracic spine disorder to service.


CONCLUSION OF LAW

A thoracic spine disorder was incurred in service. 38 U.S.C.A. §§ 1110, 1112, 1113, 1131, 5103, 5103A, 5107 (West 2002 & Supp. 2010); 38 C.F.R. §§ 3.159, 3.303, 3.307, 3.309 (2010).


REASONS AND BASES FOR FINDING AND CONCLUSION

In the current appeal, the Board has considered whether VA has fulfilled its notification and assistance requirements, found at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 and 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). Given the Board's fully favorable disposition of the matter on appeal, however, no further notification or assistance in developing the facts pertinent to this limited matter is required at this time. Indeed, any such action would result only in delay.

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); see also Caluza v. Brown, 7 Vet. App. 498 (1995). For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time. If chronicity in service is not established, a showing of continuity of symptoms after discharge is required to support the claim. 38 C.F.R. § 3.303(b). Service connection may also be granted for any disease diagnosed after discharge when all of the evidence establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Also, certain chronic diseases, including arthritis and organic neurological disorders, may be presumed to have been incurred during service if manifested to a compensable degree within one year of separation from active military service. 38 U.S.C.A. §§ 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309. 

In February 1996, during service, the Veteran underwent a chest x-ray series showing no significant abnormalities after an acute back trauma to the mid-thoracic region. Subsequent treatment records beginning in March 1996 indicate mid and low back pain, with symptoms including paraspinal tenderness at T8-T12. An April 1996 record indicates acute upper back pain following falling off a truck in March 1996. In January 1997, the Veteran complained of back pain for one week, after falling off a truck twelve months earlier. A September 2004 MRI revealed slight wedging at T4 and a focal area of increased signal at T4-T5, possibly related to the central canal or - less likely - representing a focal area of myelopathy. A February 2005 Report of Medical History contains a notation of a herniated disc in the middle back. The corresponding examination revealed tenderness to palpation and paraspinal muscle tenderness in the lumbar area. 

Subsequent to service, a November 2005 VA general medical examination revealed tenderness in the midline of the upper lumbar spine, with no sciatic notch tenderness. Following x-rays, a "conclusion" of a low back condition with sacralization of the L5 vertebra with no degenerative joint disease or degenerative disc disease was rendered. A February 2007 VA orthopedic examination revealed no paravertebral spasms or tenderness of the lumbar spine and was otherwise unremarkable, but x-rays revealed partial sacralization of the L5 vertebra. A diagnosis of mechanical low back pain (lumbar spine) was rendered.

The Veteran underwent a VA spine examination in March 2010, with an examiner who reviewed the claims file and noted her in-service thoracic spine treatment. The Veteran claimed thoracic pain during the examination but did not recall any low back pain. The examination revealed slight limitation (75 degrees) of flexion, with pain in the mid-thoracic, rather than lumbar, region. X-rays of the thoracic spine were normal. The impression was that the Veteran's "thoracic chronic strain originated with a fall in service in March 1996," albeit with no complaints regarding the lower back or the sacralization of the lower lumbar spine.

In summary, the Board concludes that the evidence of record supports a finding of chronic symptoms affecting the thoracic spine region since 1996, with the March 2010 VA examiner confirming that thoracic chronic strain originated with the March 1996 fall in service. The Board notes that the Veteran reported back problems at separation from service; despite the fact that complaints have alternately concerned the mid back and the low back, the Board finds her complaints to be fully credible. In short, the evidence of record supports a finding of a thoracic spine disorder since service, and service connection for this disability is warranted.


ORDER

Service connection for a thoracic spine disorder is granted.



____________________________________________
MICHAEL MARTIN
Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs