Citation Nr: 1710385 
Decision Date: 03/22/17 Archive Date: 04/11/17

DOCKET NO. 09-47 358 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUE

Entitlement to service connection for prostate cancer, to include as secondary to herbicide exposure, gonorrhea, or asbestos exposure. 


REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

M. Taylor, Counsel


INTRODUCTION

The Veteran served on active duty from December 1971 to November 1974. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of an April 2009 rating decision of a Regional Office (RO) of the Department of Veterans Affairs (VA). 

In October 2010 and August 2014, the Board remanded the case for further development. 

In April 2016, the Board determined that an advisory expert medical opinion was required from the Veterans Health Administration (VHA) urologist for a determination. See 38 C.F.R. § 20.901. The VHA expert medical opinion was received in December 2016.

The Board notes that three additional issues have been perfected on appeal (entitlement to service connection for a bilateral foot disability, a right knee disability and a skin disability). It appears that there is a pending Board hearing request for these issues. The appeal of these issues will be addressed in a future Board decision after the hearing is completed, if in order.


FINDING OF FACT

The Veteran's prostate cancer is a result of service. 


CONCLUSION OF LAW

The criteria for service connection for prostate cancer have been met. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Laws and Regulations

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. "To establish a right to compensation for a present disability, a veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"-the so-called "nexus" requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). 

II. Analysis

The Veteran seeks service connection for prostate cancer. He maintains that his prostate cancer is due to in-service exposure to herbicide agents, gonorrhea, and asbestos. 

The Board notes that service treatment records confirm in-service gonorrhea, and the Board finds the Veteran's reports of what he believed to be small particles of asbestos falling from overhead pipes whenever aircraft launched and landed on the ship to be credible. Although a December 2010 VA examiner noted no medical evidence to substantiate a correlation between gonorrhea and the development of prostate cancer, the Veteran submitted multiple publications and referenced several medical studies that indicate a correlation between gonorrhea and prostate cancer. 

Significantly, the Board obtained the December 2016 expert VHA medical opinion from a Chief of Urology at a VA Medical Center who is also an Associate Professor of Urology Surgery at a national medical school. The December 2016 VHA opinion notes a modest increase in the risk of developing prostate cancer associated with exposure to both gonorrhea and asbestos. Plausible causative mechanisms were reported for both gonorrhea and asbestos exposures as risk factors for the development of prostate cancer. It was concluded that epidemiologic evidence of the development of prostate cancer associated with gonorrhea and asbestos exposures is sufficient to support a finding that it is more than likely that the Veteran's exposure to gonorrhea and asbestos lead to the development of his prostate cancer. 

The Board finds the December 2016 VHA expert medical opinion to be persuasive and of the greatest probative value. It is apparent in the opinion that the entire claims file was reviewed and considered in rendering the opinion. Additionally, the opinion was based on an accurate history and contained a well-reasoned explanation. As such, this opinion is entitled to significant probative weight. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302-04 (2008). 

The evidence is in at least equipoise as to the element of a nexus and, when resolving any reasonable doubt in the Veteran's favor, the Board finds that the Veteran has prostate cancer related to active service. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. Accordingly, service connection is warranted for prostate cancer. 


ORDER

Service connection for prostate cancer is granted. 




____________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs