Citation Nr: 1761239 
Decision Date: 12/12/17 Archive Date: 01/02/18

DOCKET NO. 13-17 194 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Seattle, Washington


THE ISSUES

1. Entitlement to service connection for obstructive sleep apnea.

2. Entitlement to service connection for left leg vascular disability.


REPRESENTATION

Appellant represented by: Oregon Department of Veterans' Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

M.E. Lee, Associate Counsel


INTRODUCTION

The Veteran served on active duty from March 1983 to February 1987.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Seattle, Washington.

In September 2016, the Veteran presented sworn testimony during a video conference hearing, which was chaired by the undersigned. A transcript of that hearing has been associated with the claims file.


FINDINGS OF FACT

1. It is as likely as not that the Veteran's obstructive sleep apnea is related to his active service.

2. There is at least an approximate balance of positive and negative evidence as to whether the Veteran's left leg vascular disability, to include post phlebitic syndrome or deep vein thrombosis, is related to his active service. 


CONCLUSIONS OF LAW

1. The criteria for service connection for obstructive sleep apnea have been met. 38 U.S.C. § 1110 (West 2012); 38 C.F.R. §§ 3.102, 3.303 (2017).

2. The criteria for service connection for post phlebitic syndrome or deep vein thrombosis of the left leg have been met. 38 U.S.C. § 1110 (West 2012); 38 C.F.R. §§ 3.102, 3.303 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303. Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004); Caluza v. Brown, 7 Vet. App. 498, 505 (1995). 

Obstructive Sleep Apnea

The medical evidence of record establishes that the Veteran carries a diagnosis of obstructive sleep apnea. Additionally, the Veteran has reported that during active service, suffered nasal issues following a surgery. The service treatment records reflect that the Veteran underwent a nasal septoplasty secondary to multiple fractures during service. In short, elements (1) and (2) of Shedden have been established.

As for Shedden element (3), medical nexus evidence, in February 2017, a VA examiner determined that it was at least as likely as not that the Veteran's obstructive sleep apnea was due to the injuries and surgery in service. The examiner opined that it was probable that the combination of multiple fractures and septoplasty in service contributed to the development of the Veteran's obstructive sleep apnea. There is no competent medical opinion to the contrary.

Accordingly, the Board finds that the preponderance of the evidence shows the Veteran's current obstructive sleep apnea is related to his military service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303.



Left Leg Vascular Disability

The medical evidence of record establishes that the Veteran has a current left leg disability, characterized as post phlebitic syndrome. This satisfies the first element of Shedden. See Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

In May 2012, a VA examiner stated that the etiology of the left leg phlebitic syndrome could not be linked to service because of a lack of documentation of left leg deep vein thrombosis (DVT) in service. However, the May 2012 examiner linked the Veteran's right leg post phlebitic syndrome to service based on service records of treatment for right leg DVT in service.

The Veteran contends that he was treated for DVT in both legs at two separate duty stations while on active duty. A VA memo from March 2012, states that VA was unable to obtain all service records from the Veterans term of service. Service records from 1983 to 1987 are unavailable. Therefore, the Board must consider the Veteran's lay statements as to medical treatment in service. 

In determining whether evidence submitted by a claimant is credible, VA may consider internal consistency, facial plausibility, and consistency with other evidence. See Caluza v. Brown, 7 Vet. App. 498, 511 (1995) (superseded by statute for an unrelated point of law as stated by Duenas v. Principi, 18 Vet. App. 512 (2004)); see also Buchanan v. Nicholson, 451 F.3d at 1337 (VA can consider bias in lay evidence and conflicting statements of the veteran in weighing credibility).

The Veteran is service connected for DVT of the right leg, which establishes that he is familiar with the symptoms. With respect to him receiving treatment for DVT of the left leg, which is undocumented, the Board finds the Veteran's statements to be consistent, plausible, and credible. Thus, the second element (2) of Shedden has been found.

As for Shedden element (3), medical nexus evidence, the May 2012 VA examiner determined that a medical link between the Veteran's current left leg condition and in service DVT could not be established because of a lack of documented left leg DVT during service. However, the examiner determined that because the Veteran's service records documented right leg DVT treatment, it was at least as likely as not that right leg condition was due to DVT during service. As noted above, the Board has since determined that the Veteran's statements of receiving treatment for left leg DVT in service to be credible.

Accordingly, the Board finds that the evidence is, at minimum, in equipoise regarding the question of whether the Veteran's current left leg vascular condition began during, or is related to his military service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303. The benefit-of-the-doubt will be conferred in the Veteran's favor and his claim for service connection for a left leg condition, to include post phlebitic syndrome and DVT, is granted. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102.


ORDER

Service connection for obstructive sleep apnea is granted.

Service connection for post phlebitic syndrome and DVT of the left leg is granted.



____________________________________________
MICHAEL A. HERMAN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs