Citation Nr: 1761210 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 08-09 913A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for a psychiatric disorder, to include posttraumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

R. Maddox, Associate Counsel






INTRODUCTION

The Veteran served on active duty from April 1969 to November 1971.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an April 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida, which denied service connection for PTSD.

In May 2010, the Veteran filed his notice of disagreement, was issued a statement of the case in February 2013, and in April 2013 perfected his appeal to the Board.

In June 2014, September 2015, April 2016, and September 2016, the Board remanded the issue on appeal to the agency of original jurisdiction (AOJ) for additional development.

In June 2017, the Board again remanded the issue to schedule the Veteran for a Travel Board hearing with a Veterans Law Judge. The hearing was scheduled for October 19, 2017, but the Veteran canceled the hearing on October 11, 2017, citing a lack of transportation. He did not request the hearing be rescheduled. Therefore, the Board considers the hearing request canceled, and will proceed to adjudicate the case based on the evidence of record. See 38 C.F.R. § 20.704(e) (2017).

In August 2017, the Veteran filed a claim of service connection for sleep apnea. The claim was denied in a September 2017 rating decision. In October 2017, the Veteran filed a Notice of Disagreement. The RO has acknowledged the Notice of Disagreement and has corresponded with the Veteran about the issue. Thus, at this time the Board does not find that a remand to order the issuance of a Statement of the Case is in order. 


FINDING OF FACT

The Veteran does not have current PTSD or any other psychiatric disability.


CONCLUSION OF LAW

The criteria for service connection for a psychiatric disability, to include PTSD, are not met. 38 U.S.C. §§ 1110, 5103A (2012); 38 C.F.R. §§ 3.159, 3.303, 3.304 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran seeks service connection for a psychiatric disorder on the basis that it is related to his period of service. In a December 2009 statement, the Veteran reported that his job duties while in service included going to the field to locate and pick up bodies and ensure that they were identified and sent home. The Veteran was assigned to prepare the remains of soldiers who had died in combat. The Veteran reported that, since returning home, he had numerous nights of waking in cold sweats with anxiety attacks. He reported that he had been in two marriages and divorced due to his anxiety attacks.

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. 

Establishing service connection generally requires competent evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004); 38 C.F.R. § 3.303. 

Service connection for PTSD requires (1) a medical diagnosis of PTSD utilizing the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) criteria, in accordance with 38 C.F.R. § 4.125 (a); (2) credible supporting evidence that the claimed in-service stressor actually occurred; and (3) medical evidence of a causal nexus between current symptomatology and the specific claimed in-service stressor. See 38 C.F.R. § 3.304(f).

The Board notes that the DSM-IV has been recently updated with a Fifth Edition (DSM-V). Effective August 4, 2014, VA issued an interim rule amending the portion of its Schedule for Rating Disabilities dealing with mental disorders and its adjudication regulations to refer to certain mental disorders in accordance with DSM-V. The provisions of the interim final rule only apply, however, to all applications received at the AOJ on or after August 4, 2014, but not to claims certified to or pending before the Board, the Court, or the United States Court of Appeals for the Federal Circuit (Federal Circuit). 79 Fed. Reg. 45,093, 45,094-096 (Aug. 4, 2014). The Veteran's claim was pending before the Board prior to that date.

Under 38 C.F.R. § 3.304(f)(3), if a stressor claimed by a veteran is related to the veteran's fear of hostile, military, or terrorist activity and a VA psychiatrist or psychologist, or a psychiatrist or psychologist with whom VA has contracted, confirms that the claimed stressor is adequate to support a diagnosis of PTSD, and the veteran's symptoms are related to the claimed stressor, in the absence of clear and convincing evidence to the contrary, and provided the claimed stressor is consistent with the places and circumstances of the veteran's service, the veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor. For purposes of this paragraph, "fear of hostile military or terrorist activity" means that a veteran experienced, witnessed, or was confronted with an event or circumstance that involved actual or threatened death or serious injury, or a threat to the physical integrity of the veteran or others, such as from an actual or potential improvised explosive device; vehicle-imbedded explosive device; incoming artillery, rocket, or mortar fire; grenade; small arms fire, including suspected sniper fire; or attack upon friendly military aircraft, and the veteran's response to the event or circumstance involved a psychological or psycho-physiological state of fear, helplessness, or horror.

A claim for service connection for a psychiatric disability is deemed to encompass all psychiatric diagnoses reasonably presented in the record. See Clemons v. Shinseki, 23 Vet. App. 1 (2009). Accordingly, the Veteran's psychiatric disability claim has been properly characterized to include the additional diagnosis of cannabis use disorder.

The Veteran's DD Form 214 confirms his military occupational specialty of "57F20 Memorial Alt Spec" and the civilian occupation noted was "funeral attend." He also served in Vietnam from May 1970 until November 1971. His March 1969 and November 1971 reports of medical examination and medical history are silent for any psychiatric disabilities.

Treatment records from February 2010 include both a positive and negative PTSD screen, and a negative screen for depression. May 2015 treatment records show a negative PTSD screen.

In April 2010, the Veteran was provided a VA examination in conjunction with his claim of entitlement to service connection for PTSD. The examiner reviewed the claims file and conducted an examination. The examiner noted that the Veteran was not being treated for a mental disorder. 

The Veteran reported his stressor as the duties he had while he served in Vietnam, including grave registration and in the morgue. The Veteran reported retrieving bodies and transporting them to the mortuary. He also reported being shot at on occasion. The Veteran reported that he had feelings of helplessness and feelings of horror. He also reported that he tried to ignore the feelings during service. The Veteran reported recurrent and intrusive distressing recollections of the event, including images, thoughts, and perceptions. He also reported recurrent distressing dreams of the event, intense psychological distress at exposure to internal or external cues that symbolize or resemble an aspect of the traumatic event, and physiological reactivity on exposure to internal or external cues that symbolize or resemble an aspect of the traumatic event. The Veteran endorsed efforts to avoid thoughts, feelings, or conversations associated with the trauma. He also endorsed efforts to avoid activities, places, or people that arouse recollections of the trauma as well as feelings of detachment or estrangement from others. The Veteran reported symptoms including difficulty falling or staying asleep, difficulty concentrating, hypervigilance, and exaggerated startle response. The Veteran's symptoms were noted to be daily to weekly, moderate or severe, and chronic. The Veteran denied periods of remission. The examiner did not provide any Axis I diagnosis. The examiner noted that a more precise diagnosis could not be rendered as there was no objective data to support a definitive diagnosis. The examiner indicated that there was no objective evidence to support the Veteran's claim of symptoms and reiterated that the information was presented based on the Veteran's self-report with no objective evidence to support an Axis I diagnosis. 

Another VA PTSD examination was provided in August 2014. At that time, the examiner noted that there was no diagnosis of PTSD; the only diagnosis noted was unspecified cannabis-related disorder. The examiner noted that the Veteran's symptoms caused occupational and social impairment due to mild or transient symptoms, which decrease work efficiency and the ability to perform occupational tasks only during periods of significant stress, or that the symptoms are controlled by medication. 

The examiner noted the Veteran's military occupational specialty and that the Veteran endorsed experiencing combat, but no wounds. With regard to mental health history, the examiner noted that the Veteran had been treated for episodic marijuana abuse. The examiner indicated that there were no hospitalizations for mental disorders and no current treatment for a mental disorder. 

The examiner found that the Veteran's experience met the first criterion for PTSD; additionally, the Veteran reported distressing dreams that met the second criteria of PTSD, involving the presence of intrusive symptoms. The Veteran, however, did not meet the remaining criteria for a PTSD diagnosis. 

The examiner provided the opinion that, after reviewing the file and conducting an examination, it was his medical opinion that the Veteran did not meet the criteria for PTSD per the DSM 5. By way of rationale, the examiner noted that the few and sporadic symptoms endorsed by the Veteran were not consistent with a PTSD diagnosis. The examiner noted that he could not establish a link between the subjective symptoms of nightmares, feeling uncomfortable attending funeral services, and trouble sleeping and his military duties. The examiner noted that the Veteran exhibited poor sleep hygiene, to include his cannabis and alcohol use. The examiner opined that the Veteran's subjective symptoms are most likely related to cannabis use. The examiner indicated that the Veteran was evasive on exploration of alcohol and cannabis use, and it was not clear whether the Veteran's civilian job was related to funeral services as well. The examiner found that the Veteran did not endorse any other symptoms suggestive of PTSD or anxiety linked to his military service. 

In the June 2015 appellate brief, the Veteran's representative noted that the examiner did not appear to understand the purpose of the information in the Veteran's DD Form 214 as it related to a civilian occupation; the examiner pointed out that the information in the form is only to determine what skills a veteran has been trained in after service, and it does not indicate what job the veteran may hold after separation. Further, the representative noted that the Veteran's use of cannabis or alcohol did not preclude him from having an anxiety-based disorder. Then, in February 2016, the Veteran's representative submitted another brief in which the representative argued that the Veteran's unspecified cannabis disorder may be related to his psychiatric symptoms that were caused by or related to his period of service. The Veteran's representative cited to medical treatise information that found that cannabis use disorder was the most common substance abuse disorder in VA health care and that there was a correlation between substance abuse disorder and PTSD.

Following the September 2016 Board remand, the Veteran was afforded another VA examination in December 2016. The examiner reviewed the Veteran's history including his previous VA examinations noting that he never suffered from abuse, never received mental health treatment, and worked as a carpenter for 31 years. The examiner also noted the Veteran's report of never having used illicit drugs prior to service, but now he smokes cannibas two to three times a week. The Veteran reported that he was in mortuary affairs in the military and was deployed to Vietnam from May 1970 until November 1971. The examiner noted that the Veteran's reported stressor of his military duties met criteria A and is related to the Veteran's fear of hostile military or terrorist activity, but stated that the Veteran did not meet the DSM-IV criteria for PTSD. The examiner stated that the Veteran did not have any re-experiencing symptoms from Criterion B, and only one symptom from Criterion C and the cutoff score is three symptoms. The examiner did not assign a DSM-IV diagnosis and noted the fact that the Veteran has not undergone mental health treatment.

Additionally, in regards to the August 2014 VA examiner's diagnosis for an unspecified cannibas related disorder, the December 2016 examiner stated that there was not sufficient information to assign that diagnosis.

Considering the evidence of record under the laws and regulations as set forth above, the Board concludes that the Veteran is not entitled to service connection for PTSD. The Board notes that in order for the Veteran's claim of service connection for PTSD to be granted, the record would have to contain a diagnosis of PTSD. As discussed above, the Veteran's service and medical treatment records are predominantly negative for signs, notations, or a diagnosis of PTSD. The treating VA examiners determined that the Veteran did not meet the criteria for PTSD, and provided an explanation for their conclusions. A PTSD diagnosis is not otherwise shown by the evidence of record. In the absence of proof of a current disability, there can be no valid claim. Boyer v. West, 210 F.3d 1351, 1353 (Fed. Cir. 2000); see Degmetich v. Brown, 104 F. 3d 1328. Congress has specifically limited entitlement to service connection to cases where such incidents have resulted in a disability. Brammer v. Derwinski, 3 Vet. App. at 225.

Indeed, a lay person is competent to establish a diagnosis in the following circumstances: (1) the medical issue is within the competence of a layperson, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d at 1376-77. 

In this case, a diagnosis of PTSD is a complex finding that goes beyond the mere observation of symptoms by a lay person-in other words, the clinical pathology of psychiatric disorders is not readily recognizable by a layman. Thus, the evidence here does not establish current disability in this case. Such evidence merely establishes symptoms which do not meet the criteria under DSM-IV for PTSD. Therefore, the preponderance of evidence is against a finding that the Veteran has had PTSD at any time during the course of his claim and appeal, so service connection for PTSD must be denied.

Additionally, the Board has determined that service connection is not warranted for any psychiatric disorder. The Veteran's service treatment records are negative for any findings, complaints, or diagnoses of any psychiatric disability. The competent and probative evidence of record does not etiologically link any psychiatric disorder to service or any incident during service. Also, there is no contrary competent evidence showing it is at least as likely as not that any psychiatric disability is related to service. Although the Veteran's representative contends that the Veteran's unspecified cannabis disorder may be related to his psychiatric symptoms that were caused by or related to his period of service, the Board finds her contentions are merely speculative and thus lack any probative value.

In summary, the preponderance of the evidence is against a finding that the Veteran has a psychiatric disorder which had onset during service, or was caused by his active service. Hence his appeal as to this issue must be denied. There is no reasonable doubt to be resolved as to this issue. See 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102, 4.3.


ORDER

Service connection for a psychiatric disorder, to include posttraumatic stress disorder (PTSD) is denied.




____________________________________________
JAMES L. MARCH
Chief Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs