﻿Citation Nr: AXXXXXXXX
Decision Date: 12/20/18 Archive Date: 12/20/18

DOCKET NO. 180817-618
DATE: December 20, 2018
ORDER
Entitlement to service connection for tinnitus is granted. 
FINDING OF FACT
Resolving reasonable doubt in the Veteran’s favor, he has experienced continuous symptoms related to tinnitus since separation from service.
CONCLUSION OF LAW
The criteria for entitlement to service connection for tinnitus are met. 38 U.S.C. §§ 1110, 1112, 1113, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303(b), 3.307, 3.309(a).
REASONS AND BASES FOR FINDING AND CONCLUSION
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.
The Veteran selected the Higher-Level review lane when he submitted the RAMP election form. Accordingly, the August 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).
SERVICE CONNECTION
Entitlement to service connection requires evidence of three elements: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship or nexus between the current disability and the disease or injury incurred or aggravated during active service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).
The AOJ found that the Veteran has a current diagnosis of tinnitus and was exposed to noise during active service. 
The question in this case is whether a causal relationship or nexus exists between the Veteran’s tinnitus and his active service. 
The medial evidence of record does not support a nexus between the Veteran’s tinnitus and service. A May 2017 addendum opinion determined that the Veteran’s tinnitus was less likely than not incurred in or caused by service. The examiner stated that there were no significant changes in hearing sensitivity or reports of tinnitus documented in medical reports and that the Veteran’s military occupational specialty had a low probability of noise exposure. 
The Board notes that service connection may also be established when the evidence shows that a veteran had a chronic condition in service or during the applicable presumptive period. 38 C.F.R. § 3.303(b). Certain chronic diseases, such as tinnitus, may be presumed to have been incurred or aggravated during service if they become disabling to a compensable degree within one year of separation from active duty. 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309. Alternatively, service connection can be established with a showing of continuity of symptoms. 38 C.F.R. § 3.303(b); Walker v. Shinseki, 708 F. 3d 1331 (Fed. Cir. 2013). Tinnitus is considered an organic disease of the nervous system subject to § 3.309(a). See Fountain v. McDonald, 27 Vet. App. 258, 264 (2015). 
Here, the record contains the Veteran’s credible assertion that he gradually experienced ringing in his ears since service, but never gave it a second thought as it did not interfere with his duties at the time. As tinnitus is a condition that is readily observable to a layperson, and the Veteran has provided credible testimony of continuous symptoms since service, the Board finds that service connection is warranted. The claim is granted. 
 
K. J. ALIBRANDO
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD S. Vang, Associate Counsel