﻿Citation Nr: AXXXXXXXX
Decision Date: 01/17/19 Archive Date: 01/16/19

DOCKET NO. 180813-564
DATE: January 17, 2019

ORDER

Entitlement to service connection for an acquired psychiatric disorder is granted.

FINDINGS OF FACT

Resolving all reasonable doubt in the Veteran’s favor, the Board finds that the Veteran has an acquired psychiatric disorder related to his period of active service. 

CONCLUSION OF LAW

The criteria for entitlement to service connection for an acquired psychiatric disorder have been met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals

Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as

amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as

the Appeals Modernization Act (AMA). This law creates a new framework for

Veterans dissatisfied with VA’s decision on their claim to seek review. The Board

is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the

Rapid Appeals Modernization Program.

The Veteran served on active duty from August 1968 to March 1970, including

service in the Republic of Vietnam. The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the July 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Initially, the Board notes that the AOJ adjudicated this claim as two separate issues, one for entitlement to service connection for posttraumatic stress disorder and another for entitlement to service connection for depressive disorder with anxious distress. Pursuant to the United States Court of Appeals for Veterans Claims holding in Clemons v. Shinseki, however, the Board has recharacterized the Veteran’s issue as one claim for entitlement to service connection for an acquired psychiatric disorder, as noted above. See Clemons v. Shinseki, 23 Vet. App. 1 (2009).

1. Entitlement to service connection for an acquired psychiatric disorder

Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110. Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004); Caluza v. Brown, 7 Vet. App. 498, 505 (1995).

The Veteran contends that he has an acquired psychiatric disorder related to his period of active service. Specifically, the Veteran relates his “nervous condition” or posttraumatic stress disorder to his service in the Republic of Vietnam. 

The AOJ found that the Veteran served in Vietnam from January 1969 to March 1970. Additionally, to AOJ found that the Veteran has a current diagnosis of persistent depressive disorder with anxious distress. The question before the Board is whether a causal relationship or nexus exists between the Veteran’s diagnosed acquired psychiatric disorder and his period of active service.

The Veteran submitted an Initial Psychiatric Assessment from Dr. H.J. dated in June 2016. At that time, the Veteran reported experiencing “horrific events” while serving in Vietnam, including death and serious injury to other comrades and civilians. He stated that he lived under the constant threat of enemy mortars and that their base camps came under attack on many occasions. He further described an incident where his friend was killed while clearing a road when his bulldozer was blown up. After eliciting a history from the Veteran and evaluating his current symptomatology, Dr. H.J. diagnosed the Veteran with posttraumatic stress disorder (PTSD). He specifically found limited information to support the diagnosis of a separate depressive condition, as “much of his mood symptoms are at least partially associated with his trauma and stressor related disorder.” However, he noted that the Veteran reported some depressive symptoms following his discharge from service brought about by his failure to adapt. Dr. H.J. opined that it is at least as likely as not that the Veteran’s PTSD was incurred in or caused by his military service and results from a fear of hostile military or terrorist activities.

Thereafter, in July 2016, the Veteran was afforded a VA examination. Based on an evaluation, the examiner found that the Veteran did not have a diagnosis of PTSD that conformed to the DSM-5 criteria. Alternatively, he diagnosed persistent depressive disorder with anxious distress. The Veteran reported first seeking mental health treatment a few months prior to help with sleep issues. His reported stressors included the in-service death of his friend and mortar attacks at the barracks. Despite a lack of diagnosis, the examiner found these stressors sufficient to support a diagnosis of PTSD. 

After a review of the above, the Board finds that the evidence is at least in equipoise regarding whether the Veteran has an acquired psychiatric disorder that is related to his period of active duty. Significantly, the Board finds the Veteran’s competent reports of his in-service stressors to be credible as they are consistent with the circumstances of his service in Vietnam. 38 C.F.R. § 3.303(a). Further, the VA examiner found the reported stressors adequate to support the diagnosis of PTSD related to the Veteran’s fear of hostile or military activity. Finally, Dr. H.J. concluded that the Veteran has depressive symptoms and PTSD at least as likely as not related to his period of service. As such, the Board finds that the preponderance of the evidence, when taken as a whole, indicates that service connection for an acquired psychiatric disorder is warranted. See 38 U.S.C. 5107; 38 C.F.R. 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Finally, the Board notes that the claims file documents conflicting psychiatric diagnoses. However, the nature and extent of the disability related to service is not at issue before the Board at this time.

 

CAROLINE B. FLEMING

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Lindsey Connor