﻿Citation Nr: AXXXXXXXX
Decision Date: 08/29/19 Archive Date: 08/29/19

DOCKET NO. 190205-1971
DATE: August 29, 2019

ORDER

Entitlement to service connection for degenerative disc disease with stenosis of the lumbar spine is denied.

Entitlement to service connection for kidney cancer, claimed as due to in-service herbicide exposure, is denied.

Entitlement to service connection for seborrheic keratosis, claimed as a skin condition, to include as due to in-service herbicide exposure, is denied.

FINDINGS OF FACT

1. The preponderance of the evidence is against finding that the Veteran’s degenerative disc disease with stenosis of the lumbar spine began during active service or is otherwise related to an in-service injury or disease.

2. The preponderance of the evidence of record is against a finding that the Veteran’s currently diagnosed kidney cancer was caused by service; diagnosed within a year of separation from service; or a result of his presumed herbicide exposure. 

3. The preponderance of the evidence of record is against a finding that the Veteran’s currently diagnosed seborrheic keratosis was caused by service; diagnosed within a year of separation from service; or a result of his presumed herbicide exposure. 

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for degenerative disc disease with stenosis of the lumbar spine have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

2. The criteria for entitlement to service connection for kidney cancer, to include as due to in-service herbicide exposure, have not been met. 38 U.S.C. §§ 1110, 1116, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

3. The criteria for entitlement to service connection for a skin disability, to include seborrheic keratosis, and has due to in-service herbicide exposure have not been met. 38 U.S.C. §§ 1110, 1116, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from July 1969 to June 1972, including service in the Republic of Vietnam. 

The Veteran selected the Higher-Level Review lane when he opted into the Appeals Modernization Act (AMA) system by submitting a Rapid Appeals Modernization Program (RAMP) election form; his claim was adjudicated in a January 2019 AMA rating decision. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

In the January 2019 AMA decision, the Agency of Original Jurisdiction (AOJ) found that the Veteran served in-country in the Republic of Vietnam and had been diagnosed with degenerative disc disease with stenosis of the lumbar spine; kidney cancer; and seborrheic keratosis and xerosis. Under AMA, the Board is bound by these favorable finding. 84 Fed. Reg. 138, 167 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.104(c)).

Service Connection

Service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active military service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). In general, service connection requires the following: (1) evidence of a current disability; (2) evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the current disability. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Where a Veteran served for at least 90 days during a period of war or after December 31, 1964, and manifests certain chronic diseases, including arthritis, to a degree of 10 percent within one year from the date of termination of such service, such disease shall be presumed to have been incurred or aggravated in service, even though there is no evidence of such disease during the period of service. 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309.

Alternatively, when a disease under 38 C.F.R. § 3.309(a) is not shown to be chronic during service or the one-year presumptive period, service connection may also be established by showing continuity of symptomatology after service. See 38 C.F.R. § 3.303(b). However, the use of continuity of symptomology to establish service connection is limited only to those diseases listed under 38 C.F.R. § 3.309(a) and does not apply to other disabilities which might be considered chronic from a medical standpoint. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall resolve reasonable doubt in favor of the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518 (1996).

1. Entitlement to service connection for degenerative disc disease with stenosis of the lumbar spine is denied.

During service, the Veteran experienced instances of lower back pain as articulated in an August 1969 treatment note. The record does not indicate that the Veteran received treatment for his spine within one year of his separation. The record reflects that he was diagnosed with congenital stenosis in October 2017 and lumbar degenerative disc disease in January 2018. 

In January 2018, the Veteran was provided a VA examination for his lumbar spine disability. The examiner indicated that the claims file had been reviewed and opined that the Veteran’s degenerative disc disease with stenosis was less likely than not related to service. The examiner based this opinion on a lack of in-service lumbar spine condition and the absence of any back disability on separation. Shortly after this examination, the examiner clarified the opinion to address the Veteran’s in-service lower back complaints; stating, the in-service back strain and pain could not have affected the lumbar disc or nerve root. The in-service condition was classified as paraspinous muscle and tendon stretch injuries, which does not result in residuals.

The Board has considered the Veteran’s assertion that his spine disability is related to his active duty service. However, because he does not have the specialized knowledge to attribute his disability to a specific incident versus other, later, incidents, and/or the normal aging process, the Board finds his opinion is outweighed by the VA examiner’s opinion. This is because the etiology of degenerative disc disease and lumbar stenosis is a complex medical decision that requires expertise to determine, unlike disorders such as flat feet, varicose veins, and ringing in the ears which are capable of lay observation. The examiner has specialized medical knowledge to make such determinations. 

The Board notes that there is no competent and credible evidence indicating that the Veteran’s back disability is related to his active duty service. Nor is there any evidence suggesting that the Veteran’s back disability had its onset within one year of his separation from service. Accordingly, the Board finds that the probative evidence of record does not support an award of service connection. In reaching this conclusion the Board has considered the applicability of the benefit of the doubt doctrine, however, as the preponderance of the evidence is against the Veteran’s claim, that doctrine is not applicable in this case. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 55–57 (1990).

2. Entitlement to service connection for kidney cancer related to presumptive exposure to Agent Orange herbicide is denied.

The Veteran contends he developed kidney cancer due to in-service Agent Orange exposure. Kidney cancer is not a disease presumptively related to herbicide agent exposure. 38 C.F.R. § 3.309(e). Although the claimed disability is not among the diseases presumptively associated with herbicide agent exposure, entitlement to service connection can nevertheless be demonstrated on a direct basis. See 38 U.S.C. § 1113(b); 38 C.F.R. § 3.303(d) (the availability of service connection on a presumptive basis does not preclude consideration of service connection on a direct basis); Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

In this case it is undisputed that the Veteran has been diagnosed with kidney cancer and that he was exposed to tactical herbicides while on active duty. However, there is no competent and credible evidence which indicates that the Veteran’s kidney cancer is related to an in-service event, injury, or disease. To the extent the Veteran’s disability is addressed within treatment notes, such as a February 2017 urology note, is only to articulate the Veteran’s treatment progress. In the absence of any indication of a nexus between his current disability and his in-service exposure, the Board must deny the Veteran’s claim.

To the extent the Veteran contends that a relationship exists between his kidney cancer and presumed Agent Orange exposure, as noted above, he does not have the specialized knowledge to attribute his cancer to a specific incident versus other, later, incidents, and the Board finds that his opinion is not competent evidence. This is because the etiology of cancer is a complex medical decision that requires expertise to determine, unlike disorders such as flat feet, varicose veins, and ringing in the ears which are capable of lay observation. 

In the absence of a nexus by presumption or direct evidence, the criteria for service connection for kidney cancer are not met and the appeal must be denied. In reaching this conclusion the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran’s claim, that doctrine is not applicable in this case. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 55–57 (1990).

3. Entitlement to service connection for a skin condition, claimed as seborrheic keratosis, is denied.

The Veteran contends he developed a skin disability due to in-service Agent Orange exposure. He has been diagnosed with seborrheic keratosis and xerosis which are not diseases presumptively related to herbicide exposure. 38 C.F.R. § 3.309(e). Although the claimed disability is not among the diseases presumptively associated with herbicide agent exposure, entitlement to service connection can nevertheless be demonstrated on a direct basis. See 38 U.S.C. § 1113(b); 38 C.F.R. § 3.303(d) (the availability of service connection on a presumptive basis does not preclude consideration of service connection on a direct basis); Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

The Veteran has no reports of, or treatment for, any skin abnormality during service. Further, the STRs do not document any complaints or treatment for any skin condition, and the Veteran specifically denied having any skin diseases during each medical examination conducted during service. Since leaving service, the Veteran has received numerous treatments for dry skin with keratosis, including in May 2017 and June 2017; however, no clinician has suggested that the Veteran’s skin disability is related to service. In fact, the only indication of a nexus between the Veteran’s disability and his active duty service comes from the Veteran himself. 

The Veteran is competent to report his observations, which include any skin abnormalities. However, the record does not indicate that the Veteran has experienced ongoing skin disabilities since his active duty service and he does not appear to contend otherwise. To the extent the Veteran contends that his post-service skin disabilities are attributable to his active duty service, he is not competent to provide such an opinion because he does not have the specialized knowledge of the etiology of skin disabilities that would allow him to distinguish one potential etiology from another. The etiology of skin disabilities, unlike the observation of their existence, is a complex medical question that requires expertise to determine. 

In the absence of a nexus by presumption or direct evidence, the criteria for service connection are not met and the appeal must be denied. In reaching this conclusion the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran’s claim, that doctrine is not applicable in this case. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 55–57 (1990). 

 

M. Donohue

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Lherault, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.