﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/19 Archive Date: 09/27/19

DOCKET NO. 190320-4829
DATE: September 30, 2019

ORDER

The claim of entitlement to service connection for bilateral hearing loss is granted.

FINDING OF FACT

Resolving all doubt in favor of the Veteran, her bilateral hearing loss was incurred in active duty service.

CONCLUSION OF LAW

The criteria for service connection for bilateral hearing loss have been met. 38 U.S.C. § § 1110, 5107(b) (2012); 38 C.F.R. §§ 3.102, 3.303(a), 3.385 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had honorable active duty service in the United States Air Force from February 22, 1973, to November 7, 1976, and from November 8,1976, to February 28, 1993.

This matter is before the Board of Veteran’s Appeals (Board) from a March 2019 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO), which denied service connection for bilateral hearing loss.

Procedural History

The Board notes that the Veteran was previously denied service connection for bilateral hearing loss in a July 2013 rating decision. The RO continued that denial in an October 2015 Statement of the Case (SOC) and, because the Veteran did not further appeal that decision, the denial became final.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). In December 2018, the Veteran submitted a new claim for bilateral hearing loss and provided additional medical evidence in support of her claim. In March 2019, the RO issued a new rating decision in which it re-opened – but again denied – the Veteran’s claim. In March 2019, the Veteran submitted a Notice of Disagreement with the RO’s decision, and she elected to have the Board provide a Direct Review of the evidence considered by the RO. Thus, this decision has been written consistent with the new AMA framework for Direct Review appeals.

Under the AMA, VA will readjudicate a claim if new and relevant evidence is presented or secured. 38 C.F.R. § 3.156(d) (2019). Further, the Board is bound by favorable findings made by the RO. 38 C.F.R. § 3.104(c). The Board considers the RO’s March 2019 rating decision to have implicitly found that the Veteran submitted new and relevant evidence sufficient to warrant reopening of her claim; therefore, the Board need not readjudicate that issue, and will proceed to the merits of the service connection claim. 

1. The claim of entitlement to service connection for bilateral hearing loss.

The Veteran contends that she is entitled to service connection for bilateral hearing loss. Specifically, she contends that her proximity to aircraft and runways during her 20-year active duty service caused her current hearing loss.

Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § § 1110, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

VA shall consider all information and lay and medical evidence of record in a case and make appropriate determinations as to competence, credibility, and weight. 38 U.S.C. § 5107; 38 C.F.R. § 3.303; Washington v. Nicholson, 19 Vet. App. 362, 368 (2005). Lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a lay person. 38 C.F.R. § 3.159. Competent lay evidence also means any evidence not requiring that the proponent have specialized education, training, or experience. 38 C.F.R. § 3.159.

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall resolve reasonable doubt in favor of the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; and see Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When the preponderance of the evidence weighs against the claims of the Veteran, the claim will be denied on its merits, and when the preponderance of the evidence weighs for the claims of the Veteran the claim will be granted on its merits. In those cases, the benefit of the doubt doctrine is inapplicable. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

For purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies of 500, 1,000, 2,000, 3,000, or 4,000 Hertz (Hz) is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies of 500, 1,000, 2,000, 3,000, or 4,000 Hz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

Section 3.385 does not preclude service connection for a current hearing loss disability where hearing was within normal limits on audiometric testing at separation from service. Hensley v. Brown, 5 Vet. App. 155, 159 (1993). Rather, when audiometric test results at a veteran’s separation from service do not meet the requirements of 38 C.F.R. § 3.385 at that time, a veteran may nevertheless establish service connection for current hearing disability by submitting evidence that the current disability is causally related to service. Hensley, 5 Vet. App. at 160.

As the VA Secretary has previously explained, where the requirements for hearing loss disability pursuant to 38 C.F.R. § 3.385 are not met until several years after separation from service, the record must include evidence of exposure to disease or injury in service that would adversely affect the auditory system and post-service test results meeting the criteria of 38 C.F.R. § 3.385. Hensley, 5 Vet. App. at 155. If the record shows (a) acoustic trauma due to significant noise exposure in service and audiometric test results reflect an upward shift in tested thresholds while in service, though still not meeting the requirements for “disability” under 38 C.F.R. § 3.385, and (b) post service audiometric testing produces findings which meet the requirements of 38 C.F.R. § 3.385, then the rating authorities must consider whether there is a medically sound basis to attribute the post-service findings to the injury in service, or whether these findings are more properly attributable to intervening causes. Id. at 159.

In the present appeal, the Board notes that the Veteran’s ears and hearing were normal at her enlistment, and that her service treatment records do not contain complaints of hearing loss during her 20-year service. The Veteran’s service records include four audiological examinations.

During the authorized audiological evaluation at her enlistment in September 1972, pure tone thresholds, in decibels, were as follows:

 HERTZ 

 500 1000 2000 3000 4000 6000

RIGHT 25 10 15 X 15 X 

LEFT 15 10 10 X 20 X 

In March 1982, the Veteran received periodic audiological examination with the following results:

 HERTZ 

 500 1000 2000 3000 4000 6000

RIGHT 5 5 5 5 0 10

LEFT 15 10 10 5 5 15

In September 1987, the Veteran received another audiological examination with the following results:

 HERTZ 

 500 1000 2000 3000 4000 6000

RIGHT 10 5 5 5 5 10

LEFT 5 0 5 5 5 10

In May 1992, the Veteran received a final audiological examination in anticipation of her retirement with the following results:

 HERTZ 

 500 1000 2000 3000 4000 6000

RIGHT 10 5 0 10 0 25

LEFT 25 10 10 5 0 20

The Veteran also received two post-service VA examinations and one private audiological assessment relevant to her hearing loss claims. Results of the most recent authorized VA audiological evaluation of October 2015, pure tone thresholds, in decibels, were as follows:

 HERTZ 

 500 1000 2000 3000 4000 6000

RIGHT 20 25 25 40 45 45

LEFT 15 25 25 50 50 50

Speech audiometry revealed speech recognition ability of 94 percent in each ear.

As for the first element of the Veteran’s service connection claim, the October 2015 VA examination diagnosed the Veteran with sensorineural hearing loss in the frequency range of 500-4000 Hz range and in the 6000 or higher frequency range. The Board thus finds that the Veteran is currently diagnosed with bilateral sensorineural hearing loss for VA purposes. 

Next, the Board notes that although the Veteran’s military occupational specialties were primarily administrative, according to the Veteran’s lay statements, her office location was along the flight line and was near field and munitions maintenance. See private audiology assessment dated December 2018. She was exposed to noise from generators, jet engines, air compressors, and helicopters, but hearing protection was not available. See VA examination dated July 2013. She was often out working near or on the flight line and did not use hearing protection on the runways. See VA examination dated October 2015. The Board therefore finds that the Veteran experienced in-service noise exposure, and that the second element of service connection has been met.

As for the nexus element of the Veteran’s claim, the Board notes that the Veteran has received two VA examinations, both opining that the Veteran’s hearing loss was less likely than not related to her military service. While the exam of July 2013 noted that continuous exposure to loud noise can damage the structure of the hair cells in the ear, resulting in hearing loss, the examiner concluded that because the Veteran’s hearing was within normal limits at separation, she did not experience a temporary threshold shift or permanent hearing loss in service. However, because the examiner failed to address whether the hearing loss could have been a delayed result of in-service noise exposure, the RO requested a new examination. The Board likewise assigns decreased weight to the probative value of this exam due to its failure to address delayed onset hearing loss.

Following the Veteran’s next VA examination in October 2015, the examiner, citing generally to the Institute of Medicine, opined that “[C]urrent science indicates that ‘understanding of the mechanisms and processes involved in the recovery from noise exposure suggests that a delay of many years in the onset of noise-induced hearing loss following an earlier noise exposure is extremely unlikely.’” The examiner concluded that “given normal hearing at discharge, and no significant shift in thresholds from induction to discharge,” that the Veteran’s hearing loss was less likely as not caused by her military noise exposure.

In December 2018, the Veteran sought treatment from a private audiologist, a Doctor of Audiology with the initials M.R-N. According to this assessment, the examiner reviewed the Veteran’s DD-214, as well as her entrance and separation medical examinations. The examiner noted the Veteran’s normal hearing at induction, but that her separation examination in 1992 “documented normal bilateral hearing acuity with a borderline HL at 6KHz.” The examiner noted that, “Six thousand hertz was not tested at induction. Due to borderline loss at this frequency in both ears at separation, one cannot rule out a possible threshold shift.” The examiner opined that it was at least as likely as not that the Veteran’s hearing loss was due to 20 years of active duty service along the flight lines.

In considering the medical evidence of record, the Board finds the VA examination opinion of October 2015 to be entitled to reduced probative value as compared to the private medical opinion for two reasons. First, the examiner did not comment on the medical significance, if any, of the elevated (25 decibel) reading obtained at 6000 Hertz for the right ear on audiometric testing at separation. See Hensley v. Brown, 5 Vet. App. 155, 157 (1993) (indicating that thresholds above 20 decibels are indicative of at least some degree of hearing loss). Second, the examiner identified no other intervening or alternative causes of the Veteran’s hearing loss; the examiner instead noted no family history of hearing loss, no head or ear trauma, no other occupational exposure to noise, and noted that though the Veteran rode a motorcycle, she rode with a full helmet. The Board finds, in this case, the private opinion to be competent, credible, and entitled to significant probative weight in connecting the Veteran’s hearing loss to her service.

Upon review of the entire record, the Board finds the evidence to at least be in equipoise as to whether the Veteran’s current bilateral sensorineural hearing loss is related to service. Accordingly, after resolving all doubt in favor of the Veteran, the Board finds that service connection for bilateral hearing loss is warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102. As service connection has been granted on a direct basis, there is no need to discuss entitlement to service connection on a presumptive basis, as other theories of service connection have been rendered moot. See 38 U.S.C. § 7104. 

 

B. MULLINS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Hart, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.