﻿Citation Nr: AXXXXXXXX
Decision Date: 11/29/19 Archive Date: 11/29/19

DOCKET NO. 190318-4809
DATE: November 29, 2019

ORDER

Service connection for a back disability, to include degenerative disc disease (back disability) is granted.

Service connection for right leg disability is granted.

Service connection for left leg disability is granted.

FINDINGS OF FACT

1. Resolving all doubt in the Veteran's favor, the currently diagnosed back disability was incurred in service.

2. The Veteran’s bilateral lower extremity disability is related to his service-connected back.

CONCLUSIONS OF LAW

1. The criteria to establish service connection for a back disability is approximated. 38 U.S.C. §§ 1131, 5107 (2012); 38 C.F.R. §§ 3.303 (2017).

2. The criteria for service connection for bilateral lower extremity disability have been met. 38 U.S.C. §§ 1110, 1112, 1113, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309, 3.310 (2017).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Air Force from October 1967 to November 1989. These matters come before the Board of Veterans' Appeals (Board) on appeal from a higher-level review rating decision, dated October 2018, which denied service connection for a back disability and bilateral lower extremity radiculopathy.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decisions on their claims to seek review. The Veteran in the present case chose to participate in VA's test program, which is the Rapid Appeals Modernization Program (RAMP). As such, this Board of Veterans' Appeals (Board) decision has been written to be consistent with the new AMA framework.

In June 2018, the Veteran opted for higher level review by the Board in a RAMP appeal. Higher level review is the appeal option to the Board in which a Board decision is issued based on evidence of record at the time of the prior decision. The Board cannot hold a hearing or accept into the record additional evidence in its direct review.

In March 2019, the Veteran submitted evidence to the claims file. This was during a period of time when under RAMP, new evidence was not allowed under the higher level review option; therefore, the Board may not consider this evidence in the current RAMP decision. 38 C.F.R. § 20.300.

The Veteran, however, may file a supplemental claim and submit or identify this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501). If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a supplemental claim are attached to this decision.

Service Connection

1. Service Connection for a Back Disability is Granted.

The Veteran contends service connection is warranted for a back disability, which he asserts is etiologically related to his active military service. After review, of the evidence, both lay and medical, the Board agrees and finds that service connection for a back disability, to include degenerative disc disease, is warranted.

Service connection may be established for disability resulting from personal injury or disease contracted in line of duty, or for aggravation of a pre-existing injury suffered or disease contracted in line of duty. 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303 (2017). Service connection may be granted for any disease diagnosed after discharge from service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d).

Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); see Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd per curiam, 78 F.3d 604 (Fed.Cir.1996) (table); see also Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); Hickson v. West, 12 Vet. App. 247, 253 (1999); 38 C.F.R. § 3.303.

As an initial matter, the Board finds that the Veteran has a current back disability. In November 2014, the Veteran underwent a VA back examination and was diagnosed with lumbosacral strain and degenerative arthritis of the lumbar spine. Further, VA and private treatment records show continued treatment for a back condition, including degenerative disc disease of the lumbar spine.

Next, the Veteran reported and received treatment for back pain while in service. In December 1977, the Veteran was involved in an automobile accident. In January 1987, the Veteran reported 2 weeks of back pain following a fall while moving heavy equipment. He sought treatment at the emergency room and was diagnosed with acute low back strain and referred for physical therapy.

Turning to a nexus, there are two probative opinions on the etiology between the in-service complaints of back pain and the Veteran's current back disability. First, the Veteran underwent a VA examination in November 2014. The VA examiner opined it was less likely than not that the Veteran's current back disability was caused by or the result of the in-service treatment for low back pain. The rationale provided was that there was no current evidence of strain and that the degenerative joint disease was age related based on a 2009 radiographic image that was normal.

Next, in April 2017, the Veteran submitted a letter from a private physician that opined that the 1977 and 1987 in-service accidents accounted for causing or aggravating the Veteran’s current back disability. 

The Board has also considered the Veteran's lay reports of continuous back pain since service and finds them persuasive. The Veteran is competent to report the readily identifiable symptoms of back pain. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a veteran is competent to report on that of which he or she has personal knowledge). The Board therefore finds the lay testimony from the Veteran persuasive and also supportive of the April 2017 private physician's medical opinion that provided a nexus between the reported in-service back pain and the currently reported back pain.

Here, the competent evidence as to the etiology of the Veteran's back disability is in conflict. While the November 2014 VA examination report concluded that the back disability was not related to service, the April 2017 private examiner opined that the current back disability resulted from the Veteran's active military service. Both opinions were based on a review of the record and provided sound rationale with supporting documentation. Given the existence of evidence both for and against the claim, the Board finds that the evidence is in relative equipoise as to whether the Veteran's back disability arose during service. Therefore, resolving all doubt in the Veteran's favor, the Board finds that service connection is warranted for the back disability.

There can be no doubt that further medical inquiry could be undertaken with a view towards development of the claim. Specifically, the Board could seek further examination to clarify and definitively opine on the etiology of the current back disability. However, under the law, where there exists "an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter," the Veteran shall prevail upon the issue. Ashley v. Brown, 6 Vet. App. 52, 59 (1993); see also Massey v. Brown, 7 Vet. App. 204, 206-207 (1994). The Board therefore finds that the evidence is at least in equipoise on the question of whether the current back disability is related to the Veteran's active military service. Resolving all reasonable doubt in favor of the Veteran, the criteria for a grant of service connection have been met. 38 U.S.C. § 5107 (2012).

2. Service Connection for Bilateral Lower Extremity Radiculopathy is granted.

The Veteran contends service connection is warranted for bilateral lower extremity radiculopathy, which he asserts is secondary to his current back disability. After review, of the evidence, both lay and medical, the Board agrees and finds that service connection for bilateral lower extremity radiculopathy is granted.

Service connection may be awarded for any disability which is proximately due to or the result of, or is otherwise aggravated by, a service-connected disease or injury. 38 C.F.R. § 3.310. Where a service-connected disability aggravates a nonservice-connected condition, a Veteran may be compensated for the degree of disability (but only that degree) over and above the degree of disability existing prior to the aggravation. Allen, 7 Vet. App. at 448. Service connection cannot be awarded on an aggravation basis without establishing a pre-aggravation baseline level of disability and comparing it to current level of disability. 38 C.F.R. § 3.310 (b). Temporary or intermittent flare-ups of symptoms of a condition, alone, do not constitute sufficient evidence of aggravation unless the underlying condition worsened. Cf. Davis v. Principi, 276 F.3d 1341, 1346-47 (Fed. Cir. 2002).

Private treatment records in August 2014 reflect complaints of back pain and also reflect complaints of bilateral leg discomfort in the morning. The Veteran also noted some weakness in the legs when lifting weights but denied weakness while walking. Clinical examination reflected motor strength of 5/5 throughout, normal reflexes and negative straight leg raise. Neurological testing also did not reveal weakness or sensory deficit and reflexes were intact. 

In November 2014, the Veteran underwent a VA examination. The Veteran reported radicular pain. Straight leg tests were negative, and the VA examiner indicated there were no other neurological abnormalities. 

In an April 2017 letter, the Veteran’s private examiner noted he reviewed the file and felt the current degenerative lumbar disc disease with stenosis was caused or aggravated by the accident in service. The underlying treatment records reflect that in January 2017 the Veteran complained of low back pain, and a slight moderate degree of foot drop type of gait in the right side. Examination reflected hypoactive knee jerks, absent ankle jerk and left ankle jerk at ½. Vibratory sensation was normal in the bilateral lower extremities. The imaging of the lumbar spine revealed advanced degenerative changes at multiple levels but was non-diagnostic for stenosis or lumbar root compression. The impression was lumbar spine spondylosis, possible stenosis with radiculopathy. A January 2017 MRI revealed retrolisthesis, hypertrophy of facet joints, protruding discs, and significantly stenosis at multiple levels with the impression specifically noting displacement of the left L2 and L3 nerve roots, displacement of L3 and L4 nerve roots, displacement of right L4 and both L5 nerve roots and displacement of both L5 and S1 nerve roots. 

There can be no doubt that further medical inquiry would help clarify the current diagnosis concerning the bilateral lower extremities. However, under the law, where there exists “an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter,” the Veteran shall prevail upon the issue. Ashley v. Brown, 6 Vet. App. 52, 59 (1993); see also Massey v. Brown, 7 Vet. App. 204, 206-207 (1994).

In the present case, the evidence clearly reflects subjective complaints of pain in the lower extremities throughout the period on appeal. While the VA examiner declined to find a diagnosis of radiculopathy, private records reflect objective findings and include an impression of possible stenosis with radiculopathy. A subsequent MRI confirms the presence of stenosis and nerve root displacement. Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018) (holding that “pain alone, without an accompanying diagnosis of a present disease, can qualify as a disability” if it “reaches the level of a functional impairment of earning capacity.”). Thus, as there is “an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter,” this is a situation where the benefit of the doubt rule applies. Ashley, 6 Vet. App. at 59 ; 38 U.S.C.A. § 5107 ; 38 C.F.R. § 3.102. In resolving all reasonable doubt in the Veteran’s favor, the Board finds the evidence is in approximate balance of finding a current disability of the bilateral lower extremities which a private physician has clearly indicated results from the lumbar spine symptomatology. Accordingly, service connection for the bilateral lower extremities is warranted. 

 

H. SEESEL

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Teague, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.