﻿Citation Nr: AXXXXXXXX
Decision Date: 01/30/20 Archive Date: 01/30/20

DOCKET NO. 200106-53707
DATE: January 30, 2020

ORDER

Service connection for carpal tunnel syndrome (CTS) in the left arm is denied. 

FINDING OF FACT

The preponderance of the evidence is against finding that the Veteran developed carpal tunnel syndrome in his left arm during active service, or that the condition is otherwise related to an in-service injury or disease.

CONCLUSION OF LAW

The criteria for service connection for a carpal tunnel syndrome, left condition is not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty from March 1963 to August 1984. The Veteran’s claim for CTS in the left arm was initially denied by an October 2019 rating decision. The Veteran filed a supplemental appeal that was denied by a December 2019 rating decision. In January 2020, the Veteran timely appealed his claim to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). The Veteran was informed that no additional evidence was permitted in support of his appeal to the Board.

Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

1. Entitlement to service connection for a carpel tunnel syndrome, left condition is denied.

By way of background, the Veteran submitted a Decision Review Request. Supplemental Claim for the October 2019 rating decision. The evidence added to the record since the October 2019 rating decision includes a statement from the Veteran and an October 2019 VA contract examination. The statement does not prove or disprove a matter at issue and the examination was considered in the earlier decision. The AOJ made a favorable finding confirming a current diagnosis for carpel tunnel syndrome in the left arm that was also determined in a prior decision. As such, the AOJ found that the supplemental evidence was not new and relevant to the previously denied claim. The AOJ again denied the Veteran’s claim in its December 2019 rating decision.

The Veteran is seeking direct review by the Board of the October 2019 rating decision wherein his claim for service connection for a carpel tunnel syndrome in the left arm.

The issue before the Board is whether any competent evidence links the Veteran’s current carpal tunnel syndrome in his left arm to his military service. 

The pertinent evidence includes the Veteran’s March 1963 enlistment examination and a May 1984 retirement examination, neither of which report any left-hand injury or problems. 

A private August 2019 EMG/Nerve Conduction Study Report revealed electrodiagnostic evidence of bilateral severe carpal tunnel syndrome, left worse than right, and no evidence of left ulnar mesomorphy, polyneuropathy affecting the upper extremities.

An October 2019 VA examination diagnosed the Veteran with an August 2019 onset of his current left-hand carpal tunnel syndrome. The Veteran is currently service connected for his right-hand carpal tunnel syndrome condition. The Veteran has suggested that his left-hand carpal tunnel syndrome condition is similar to his in-service right-hand carpal tunnel syndrome disability. However, the examiner, noted that there are no treatment records found to support onset of the current left extremity carpal tunnel syndrome which appears to be a separate entity from the right-hand injury/residuals. The examiner considered the history as related by Veteran, review of medical records, and current examination and concluded that the Veteran’s left-hand carpal tunnel syndrome is less likely than not related to his service to include his in-service right-hand injury.

Furthermore, the Veteran reported in statements that his left-hand carpal tunnel syndrome may be attributable to his typing duties during service, however the examiner noted that this conclusion would be resorting to mere speculation and reasoned that there were no complaints or treatment for left hand/wrist condition found in service or in immediate post military documents to support this contention. 

The Veteran wrote a letter in 2019 stating that the condition had begun 20-25 years earlier, but even accepting that as true, the condition would have begun approximately two decades after the Veteran’s military service.

To the extent that the Veteran believes the carpal tunnel syndrome in his left arm is the result of typing in service, such is a complex medical question which the Veteran is not shown to have the medical training or expertise to address. See Jandreau v. Nicholson, 492. F.3d 1372, 1377 n.4 (Fed. Cir. 2007). The Veteran was provided with a VA examination to address this question, but the examiner found it was less likely than not that the carpal tunnel syndrome in the left arm either began during or was otherwise caused by the Veteran’s military service. 

The evidence of record or constructively of record at the time of the December 2019 rating decision shows that carpel tunnel syndrome in the left arm was not manifest during active service, that a carpel tunnel syndrome in the left arm was not manifest within one year of service, and that it is less likely than not that carpal tunnel syndrome in the left arm is etiologically related to service. Accordingly, the claim is denied.

 

MATTHEW W. BLACKWELDER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Michelle Franklin, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.